**GOODRICH et al. v. SECOND NAT. BANK OF HOUSTON.**

No. 3851.

Court of Civil Appeals of Texas. Beaumont.
April 25, 1941.

Rehearing Denied May 7, 1941.

Minton & Minton and W. F. Goodrich, all of Hemphill, for appellants.

George W. Brown, Jr., and Smith, Smith & Boyd, all of Beaumont, for appellee.

O'QUINN, Justice.

On September 16, 1939, appellee, the Second National Bank of Houston, Texas, filed this suit in the district court of Sabine County, Texas, against Bertha Goodrich, a feme sole, W. F. Goodrich, R. H. Minton, the First National Bank of San Augustine, Texas, the First National Bank

in Hemphill, Sabine County, Texas, Great Southern Life Insurance Company, and W. L. Moody Cotton Company, to recover on one certain promissory vendor's lien note in the sum of $2,000 alleged to have been executed by Bertha Goodrich and endorsed by W. F. Goodrich and R. H. Minton, and for foreclosure of the vendor's lien on the property described in its petition as First tract known as the Walker tract, situated in Sabine County.

Disclaimers were filed by San Augustine National Bank, Hemphill National Bank, and Great Southern Life Insurance Company. No appearance was made for W. L. Moody Cotton Company. All other defendants answered.

The case was tried to a jury, but at the close of the evidence, on motion of the plaintiff, appellee, the court instructed the jury to return a verdict in favor of the plaintiff against Bertha Goodrich, R. H. Minton, and W. F. Goodrich for the amount due on the vendor's lien note, and against all of the defendants for foreclosure of the vendor's lien on the property described in appellee's petition. The verdict was returned and judgment accordingly entered. This appeal is from that judgment.

■ Appellants have eight assignments of error upon which they present two propositions. The first proposition asserts that the court erred in refusing to quash the citation because the citation did not contain the name of any party, natural or artificial, as party plaintiff legally entitled to sue, the citation stating "The Second National Bank of Houston, Houston, Texas, was plaintiff." That the only allegation as to who was plaintiff was "that plaintiff was a National Banking Association, organized, existing and doing business under and by virtue of the Acts of Congress and Laws of the United States of America, with its domicile and principal place of business in the City of Houston, Harris County, Texas." It is contended that this was not a sufficient allegation of the bank's corporate existence to entitle it to prosecute the suit. The contention is overruled. In cause No. 3801, in this court, wherein W. F. Goodrich was appellant and the Second National Bank of Houston was appellee, 149 S.W.2d 232, a case similar to the instant case, involving the identical question, we overruled appellant Goodrich's contention on January 30, 1941, citing First National Bank of Jacksonville v. First State Bank of Jacksonville, Tex.Com.App.,

291 S.W. 206; and Peerless Oil & Gas Co. v. Gulf Oil Corporation, Tex.Civ.App., 112 S.W.2d 1083.

Appellants' second proposition reads: "This cause should be reversed because the trial court was in error in instructing a verdict for the plaintiff and was not justified in taking the case from the jury and refusing to submit the case to the jury on special issues where there was ample testimony which was undisputed showing that one of the parcels of land upon which plaintiff sought to foreclose its vendor's lien was the homestead of R. H. Minton and family at the time of the execution of the notes and had been for several years prior thereto and was then being resided upon and used by the said R. H. Minton and family as a homestead."

Defendants W. F. Goodrich and Bertha Goodrich answered by plea in abatement that no plaintiff legally authorized to maintain the suit was named in the plaintiff's petition, general demurrer, general denial, and by plea of four years statute of limitation against plaintiff's asserted cause of action. Defendant R. H. Minton, May 8, 1940, answered and adopted the allegations in the answer of the Goodrich defendants, answered further by general denial, and specially that the note (No. 1) dated April 2, 1930, payable to R. H. Minton, due one year after date, was given in part payment for one acre of land which was described in a deed of date April 2, 1930, from R. H. Minton and wife conveying the land to W. F. Goodrich, was at the time of the execution of said deed the homestead of the said R. H. Minton and his wife and his minor children and upon which land they then and there actually resided, using and claiming same as their homestead; that they (Mintons) received no consideration for said conveyance from them to W. F. Goodrich; that said conveyance to said Goodrich was not a genuine transfer of said land, but was a simulated sale for the sole purpose of creating a lien on their said homestead, so that the note (for $2,000) could be hypothecated to the San Jacinto Life Insurance Company as additional security for an indebtedness of R. H. Minton to said company; that the deed was not intended to pass title to the land, but was merely intended as a mortgage; that possession of the land was not surrendered to Goodrich at the time of the execution of the deed or at any time, but that Minton and his family continued to reside on

the land as his homestead, and that he continued to occupy the land, either by himself or by tenants, down to the filing of his answer; that the attempt to create a lien on his said home was void and in contravention of the constitution of the state; that the lien was not given for the purpose of paying taxes on the land, or for making improvements thereon, or for the purpose of securing the purchase price therefor. He further pleaded that the appellee bank was not an innocent purchaser of the note because it was hypothecated to appellee by W. F. Goodrich, the then record holder of the land under the deed and because the defendant, R. H. Minton, was in possession of the land, using, occupying and enjoying same at the time of the execution of the deed, and that he remained in possession of same using and occupying same as his homestead together with his wife and children, and that appellee was chargeable with notice of such possession and use; and also plead the four years statute of limitation against the alleged cause of action.

By way of cross-action Minton pleaded the above alleged facts against the validity of the vendor's lien, and that the deed and note were null and void because the deed was only an attempt to create a mortgage against the land which was his homestead for the purpose of securing an existing debt; that the attempted renewal of and extension of the due date of the note executed March 18, 1935, were void; that both the deed and the attempted extension of the note were void because in contravention of the Constitution and homestead laws of the state, and that said instruments constituted a cloud upon his title and prayed for its removal.

In replication to the answer and cross action of R. H. Minton, appellee filed the following supplemental petition:

"III. Further answering herein, if such be necessary, plaintiff says and shows to the Court that the note and lien declared upon by it in this suit were and are fair and regular on their face; that said note was regularly endorsed, transferred, assigned, and delivered to W. F. Goodrich by R. H. Minton and Bertha Goodrich in due course of trade, in order that he might further negotiate it; that the said W. F. Goodrich acquired said note for value, before maturity, without notice of any defects, infirmities or irregularities therein if any such there were, and with the belief that said note and lien were all they purported to be, that W. F. Goodrich became the bona fide, legal and equitable owner and holder in due course of said note and the lien securing it.

"That for value received, and in due course of trade, before maturity, said note and lien were regularly endorsed, transferred assigned and delivered to plaintiff by W. F. Goodrich; that plaintiff acquired said note and lien in good faith and without notice of any defects, infirmities or irregularities therein, if any such there were, believing that they were all that they purported on their face to be, to-wit, a valid and subsisting indebtedness and lien against the parties and upon the properties named and described in plaintiff's petition; that plaintiff was and is the bona fide, legal and equitable owner and holder in due course of said note and lien; and plaintiff alleges and insists that said note and lien constitute a valid and subsisting indebtedness and lien, and that they are all they *they* purport to be on their face.

"IV. That if it be shown that the conveyance from R. H. Minton, et al., to W. F. Goodrich of date April 2, 1930, conveying the premises described in plaintiff's petition, and the promissory vendor's lien note executed in connection therewith, were not all they on their face purported to be, and if said transaction of sale and the subsequent endorsement and transfer of the note and lien herein declared upon to W. F. Goodrich was to any extent a simulated transaction as alleged by defendants, that this plaintiff was without knowledge of the simulated nature of the transaction, and purchased said note and lien for value in good faith before maturity, relying on the apparent genuineness of said note and lien; that if the original parties to said transaction did not intend by the execution of said deed and note to divest title to the premises in suit out of the said R. H. Minton, et al, and pass title to the said W. F. Goodrich, encumbered by the said indebtedness and lien, nevertheless, having executed said deed and accepted said note and dealt with them as they did and as pleaded in plaintiff's petition, knowing that said note and lien would likely pass into the channels of trade and commerce, as in fact they did pass, to which negotiation, transfer and passage the defendants negotiating and transferring the same were parties, and having knowingly and deliberately accepted

substantial benefits therefrom, said defendants are in good conscience now estopped to assert as against this plaintiff that said transaction was simulated, and that said instruments were and are not all they on their face purported to be; that to permit said defendants or any or either of them now to say that their solemn acknowledged instruments were not all they on their face purported to be, would be to permit said defendants, by their artifice, to impose and perpetrate a fraud on an innocent party, this plaintiff; and the defendants, in good conscience, fair dealing and equity should not as against this plaintiff be now permitted to assert that the solemn declarations, acts and conduct which they then asserted were true, are and were in fact false.

"And further in this connection, plaintiff says and shows to the court that on the 18th day of March, 1935, while the note and lien herein sued upon were owned and held by plaintiff, the defendants, Bertha Goodrich, W. F. Goodrich and R. H. Minton, executed a certain Contract of Extension, of record in Volume 38 at Page 427 of the Deed Records of Sabine County, Tex. wherein and whereby the said defendants renewed and reaffirmed their promise to pay the note herein sued upon and all interest thereon in full, and extended the maturity date thereof to the 18th day of September, 1935, and solemnly acknowledged and affirmed that the Vendor's lien upon the property described in plaintiff's petition herein, was a valid, subsisting and enforceable lien against said property, and that the same should remain in full force and effect for four years after the maturity of said note as renewed and extended. That by virtue of their execution of said Contract of Extension, wherein and whereby they acknowledged and reaffirmed the validity of the note and lien in suit, said defendants individually and collectively were and are now in good conscience estopped to assert or rely upon any infirmity, if such there be, in said note and lien, and to plead their fraudulent acts in defense of this suit."

That appellee was a holder of the note in due course for value and before the note became due, is without dispute. The testimony of appellants, R. H. Minton and W. F. Goodrich, support the allegations of Minton as to the homestead feature of the case. The contest is as to whether appellee took the note without notice of any infirmity in the note. The deed from Minton to Goodrich was regular on its face; it recited the retention of the vendor's lien, and was recorded in the Deed Records of Sabine County in Vol. 34, page 557. The note was regular on its face. Likewise the assignments from the holders of the note down to appellee were regular. The extension of the due date of the note to September 18, 1935, executed by Bertha Goodrich, W. F. Goodrich, and R. H. Minton, on March 18, 1934, was in all things regular, and was recorded April 12, 1935, in the Deed Records of Sabine County, in Vol. 38, pages 427, 428. The extension agreement recited, among other things, that the note was the same note for $2,000, assigned by W. F. Goodrich to appellee on March 4, 1931, which was recorded in the Deed Records of Sabine County in Book 35, pages 510, 511. There is not a hint in the evidence by any party or witness that appellee bank had any notice of any kind that the deed or note was anything other than what their face purported them to be, but to the contrary the testimony of the bank fully supported its pleading that it took the note in good faith, for a valuable consideration, before maturity and without notice.

While homestead rights are sacred and should be vigorously upheld, and the provisions of the constitution and the laws for their protection should be scrupulously adhered to, still, they should not be allowed to become vehicles of fraud whereby the rights of innocent third persons may be lost. Judge Robertson, speaking for our Supreme Court, in Heidenheimer Bros. v. Stewart, 65 Tex. 321, 323, said: "The equities between the original parties to a mortgage cannot avail a mortgagor in a suit on the secured negotiable note to foreclose the mortgage (Jones on Mortgages, sec. 834; Hilliard on Mortgages, 572), even if it results in the encumbrance of the homestead, if those entitled to the exemption have caused this result by their own deliberate fraud. Hurt v. Cooper, 63 Tex. 362. If the owners of the homestead simulate a transaction, in which a negotiable note would be secured by a valid and meritorious lien on the exempt estate, and their artifice succeeds in imposing upon an innocent party, they are estopped from denying the truth of their solemn statements, and cannot be

permitted to prove that a lien their acts declared to be valid is void because their acts were false.

"The constitution prohibits liens on the homestead, except for purchase money or improvements. The lien asserted by appellant was for purchase money, if the transaction was genuine, and appellees are estopped, as against appellant, from proving that it was otherwise."

That our courts have kept this fair and just rule of law in mind is forcefully demonstrated in National Bond & Mortgage Corporation v. Davis, 60 S.W.2d 429–434, where Judge Sharp, speaking for the Supreme Court, said: "The courts of this state zealously guard homestead rights guaranteed under the Constitution and laws and will not permit those rights to be invaded by others seeking to establish invalid claims or liens against the property claimed as a homestead, but in upholding the provisions of the Constitution and the laws the courts have also kept in mind that it was never intended by the framers of the Constitution that the homestead law should be used to defeat the rights of an innocent third party, who, in good faith, without notice, for a valuable consideration, has acquired valid liens against the property."

Appellants urge their continued possession and residence upon the land as sufficient to put appellee on inquiry as to the ownership of the land which if followed up would have informed it that the property was the homestead of appellant, R. H. Minton. It is well settled that the sole office which possession performs, in the matter of notice, is to put a person desiring to purchase upon inquiry, and that it has no effect in determining what the inquiry shall be, or of whom it shall be made; that the inquiry necessitated by possession has been prosecuted sufficiently far when the person who desires to buy or acquire a lien on the property examines the records of the county and finds a deed from the person in possession to the one asserting title on record. Eylar v. Eylar, 60 Tex. 315. R. H. Minton and wife executed to Goodrich a warranty deed regular on its face, reciting the execution by Goodrich of the note here in question as part consideration for the purchase of the land. This deed was duly placed of record. The note was acquired by appellee the next day after its execution, and after nearly four years, the note not having been paid, Goodrich and Minton executed an extension of the due date of the note advancing same some four years more. They acknowledged the execution of this extension, and this instrument was duly placed of record, and nothing that was calculated in any way to put appellee upon notice of Minton's claim of homestead occurred but the deal on its face appeared and continued as before. See: Hester v. Kemper Military School, Tex. Civ.App., 138 S.W.2d 833. The note was executed by Bertha Goodrich to R. H. Minton on April 2, 1930. Minton assigned the note to W. F. Goodrich the same day, April 2, 1930. W. F. Goodrich assigned the note to appellee the next day, April 3, 1930. W. F. Goodrich was the father of Bertha Goodrich. Bertha Goodrich was an adult single lady. Minton and the Goodriches resided in the same town, Hemphill, Texas. They were long acquaintances and friends. Appellee knew W. F. Goodrich and had had business dealings with him, but was not acquainted with Minton.

The evidence in the case, for appellants and appellee, is without dispute. There was no question of fact to be submitted to the jury. The directed verdict was proper. The judgment is affirmed.