In view of what we have said, we recommend that each question certified be answered in the negative.

CURETON, C. J. The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

———

**FIRST NAT. BANK OF JACKSONVILLE v. FIRST STATE BANK OF JACKSON-VILLE et al. (No. 768–4367.)**

(Commission of Appeals of Texas, Section A. Feb. 9, 1927.)

I. **Banks and banking** ☞278—Garnishment affidavit naming garnishee as "the First National Bank of J." held to show garnishee to be suable entity; "bank"; "first national bank" (Rev. St. 1925, arts. 490, 491, 541; U. S. Comp. St. § 9835).

Affidavit for garnishment naming the garnishee as "the First National Bank of J." *held* to show the garnishee to be a suable entity, since the name necessarily imports that the garnishee is a national bank chartered under federal laws with its place of business at J., in view of fact that word "bank" or words "first national bank" import that concern designated thereby is engaged in banking business; that Rev. St. 1925, art. 541, which was Rev. St. 1911, art. 558, requires individuals or firms engaged in banking business to add word "unincorporated" after name; and that compliance with law is presumed, and in view of Rev. St. 1925, arts.

490, 491 and Rev. St. U. S. § 5243 (U. S. Comp. St. § 9835).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bank (In Commercial Law); National Bank.]

2. **Evidence** ☞60—Presumption is that men and institutions comply with law, until contrary is shown.

Until the contrary is alleged and shown, court presumes that all men and institutions are conducting their affairs in compliance with law.

3. **Evidence** ☞34—Judicial notice is taken that only banks chartered by United States may use word "national" as part of name (U. S. Comp. St. § 9835).

Court takes notice that under terms of Rev. St. U. S. § 5243 (U. S. Comp. St. § 9835), no banking institution may use the word "national" as part of its name, unless it is chartered by the United States.

4. **Evidence** ☞29, 34—Judicial notice is taken that names "National Bank" and "State Bank" may be used only by incorporated banks (Rev. St. 1925, arts. 490, 491, 541; U. S. Comp. St. §.9835).

Court takes judicial notice that only incorporated banking institutions may lawfully use the names "National Bank" and "State Bank," in view of Rev. St. 1925, arts. 490, 491, and article 541, which was Rev. St. 1911, art. 558, and Rev. St. U. S. § 5243 (U. S. Comp. St. § 9835), relating to use of such names.

5. **Evidence** ☞16—Judicial notice is taken that names "National Bank" and "State Bank" mean incorporated banks (Rev. St. 1925, arts. 490, 491, 541; U. S. Comp. St. § 9835).

Courts take judicial notice that incorporated banking institutions are meant by words "National Bank" and "State Bank," in view of Rev. St. 1925, arts. 490, 491, and article 541, which was Rev. St. 1911, art. 558, and Rev. St. U. S. § 5243 (U. S. Comp. St. § 9835), relating to use of such words.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Garnishment proceeding after judgment by Knox Henderson for himself and as agent for the First State Bank of Jacksonville, Tex., and others, original parties plaintiff, against the First National Bank of Jacksonville, as garnishee, to enforce collection of judgment against R. W. Baker and others. From the judgment for plaintiff, the First National Bank of Jacksonville and R. W. Baker appealed to the Court of Civil Appeals. Judgment of affirmance was there rendered (269 S. W. 154), and the First National Bank of Jacksonville brings error. Affirmed.

Norman, Shook & Gibson, of Rusk, and Chas. L. Black, of Austin, for plaintiff in error.

J. J. Faulk, of Athens, and Perkins & Perkins, of Rusk, for defendants in error.

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HARVEY, P. J. In 1912 a money judgment was duly rendered by the district court of Henderson county, Tex., in favor of the First State Bank of Jacksonville, Tex., a corporation, Central Texas Grocery Company of Corsicana, Tex., a corporation, and Garrett-Henderson Grocery Company of Athens, Tex., a copartnership composed of Knox Henderson and J. W. Garrett, as plaintiffs therein, against R. W. Baker and C. W. Baker, as defendants therein, and also against said two above-named defendants and W. H. Boles, another defendant therein, for the foreclosure of a certain lien on property described in said judgment.

On May 31, 1922, the said judgment being then valid and subsisting, and there being an unpaid balance of $1,184.75 due on same, the said Knox Henderson, for himself and in behalf of his coplaintiffs in such judgment, made application by affidavit for a writ of garnishment, based on such judgment. On May 31, 1922, a writ of garnishment was issued in due form by the clerk of said court, directing the proper officer to "summon the First National Bank of Jacksonville, Tex.," to appear and answer said writ in accordance with the terms of the statute.

The return of the officer on the writ shows that same was executed on June 2, 1922, "by delivering to the within named First National Bank of Jacksonville, Tex., a true copy of this writ." In due time the said garnishee bank made answer to the said writ, denying that it was indebted to or had effects of the defendants named in the writ. And after various motions and pleadings by both parties, the case came to trial, which resulted in a judgment against plaintiffs in error. From such judgment an appeal was prosecuted to the Court of Civil Appeals for the Sixth District, which court affirmed the judgment of the trial court. From such judgment of affirmance the plaintiff in error, the First National Bank of Jacksonville, Tex., brings error to the Supreme Court.

[1, 2] One of the grounds for error presented here by the plaintiff in error is that the affidavit for garnishment is insufficient for the reason that it does not allege or show that garnishee is a corporation or other legal entity capable of being sued. The record discloses that neither in said affidavit nor in the garnishee's answer, nor in any other part of this proceeding up to and including the judgment herein rendered by the trial court, is the fact alleged or shown either that the First National Bank of Jacksonville, Tex., is a corporation, or that it is a joint-stock association. In such affidavit the garnishee is named as "the First National Bank of Jacksonville, Tex."

The application was granted in this case because of conflict with the case of First National Bank of Fort Worth v. Cole (Tex. Civ. App.) 264 S. W. 926. It does not appear that any application for writ of error was made in the Cole Case, and the holding in the instant case by the Court of Civil Appeals is in conflict with the Cole Case. We are of the opinion, however, that the Court of Civil Appeals has made a correct disposition of the instant case; in other words, we are of the opinion that the name "the First National Bank of Jacksonville, Tex.," does import and necessarily carry with it the meaning that the institution referred to was a national bank chartered under the laws of the United States. Regardless of what may have been decided before the enactment of the banking laws of this state, and regardless of what might be the rule as to any other type of corporation, and regardless of what might be the rule as to national banks in other states, the laws of this state do not permit the use of any such title or name, except by an incorporated bank, and we will not presume that any man or institution was transacting business in this state in violation of the laws of this state until the contrary is shown. Revised Statutes, art. 490, enacted in 1905, prohibited foreign corporations, other than national banks, from doing a banking business in this state. It would be idle to say that the use of the word "bank" or the words "the First National Bank" do not import that the concern thus named was engaged in the banking business. The use of these words is too general throughout this country and the United States for them to have any other meaning than that the concern thus named is engaged in the banking business under the laws of the United States. Therefore, in the use of these words and the statute referred to, it necessarily follows that the concern was engaged in the banking business.

The next succeeding article of the statutes (491) makes it unlawful for any incorporated bank, other than state banking corporations and national banks, to use as a part of its name the words "bank," "banking," etc.

Article 541, which was Revised Statutes 1911, art. 558, made it unlawful for private individuals or firms engaged in the banking business to conduct their business without placing after the name the word "unincorporated."

These statutes thus briefly referred to were a part of the law when the matters complained of in the litigation before us arose. There is no pretension that the concern designated "the First National Bank of Jacksonville, Tex.," was using after its name the word "unincorporated." It therefore follows from the statutes we have just referred to that we must presume that this concern was violating the law in using the word "bank" and omitting therefrom the word "unincorporated"; unless we will presume, on the other hand, that the concern was conducting its business in a lawful manner. The presump-

tion is, of course, that all men and institutions are conducting their affairs in compliance with law, until the contrary is alleged and shown. Aided, then, by the presumption that this concern was conducting its business in compliance with law, the conclusion inevitably and certainly follows that it was a corporation, for only corporations chartered by this state or the United States could use the word "bank" as a part of their name, as this concern was doing.

In view of these statutes the designation of the concern as "the First National Bank of Jacksonville, Tex.," was a sufficient allegation that it was a corporation or an incorporated concern. This is so even though it should be held that it was the duty of those making application for the writ of garnishment to allege that the garnishee was an incorporated or joint-stock company.

As to whether or not in this type of case it would be necessary to allege that the garnishee is an incorporated or joint-stock company, we believe it is unnecessary to decide, and would prefer not to do so, in view of what was long ago said by this court in the case of Insurance Co. v. Friedman Bros., 74 Tex. 56, 11 S. W. 1046, and other cases which perhaps could be named. Since, however, the name "the First National Bank of Jacksonville, Tex.," could only lawfully be used by a corporation in this state, the allegation that it has such a name is a sufficient allegation that it was an incorporated concern.

[3-5] In addition to what has been said above, courts will take notice that no banking institution may use the word "national" as part of its name, unless it be chartered by the United States. 2 Morse on Banking, p. 563. U. S. Rev. St. § 5243 (U. S. Comp. St. § 9835). In regard to both national and state banks, we know that only incorporated banking institutions can lawfully use the names "National Bank" and "State Bank"; and as a matter of common knowledge and use, of which the courts cannot be ignorant, when we hear these terms mentioned as names of business institutions we know that incorporated concerns are referred to. The use of the term "the First National Bank of Jacksonville, Tex.," means that the institution of that name is chartered under the laws of the United States, and that its place of business is Jacksonville, Tex. That is what every man would know it means and courts are not less intelligent.

The plaintiff in error presents other grounds of alleged error. We have carefully considered each of them, and they should be overruled.

We therefore recommend that the judgment of the trial court and that of the Court of Civil Appeals, affirming same, be affirmed.

CURETON, C. J. Judgments of the District Court and Court of Civil Appeals affirmed.