**PEERLESS OIL & GAS CO. v. GULF OIL CORPORATION et al.**

No. 10178.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 17, 1937.

Rehearing Denied Feb. 9, 1938.

Swearingen & Miller, of San Antonio, for appellant.

Laurie M. Huck and Fagan Dickson, both of San Antonio, and Joe S. Brown and Scott W. Key, both of Houston, for appellees.

SLATTON, Justice.

Peerless Oil & Gas Company appeals from an order of the Forty-Fifth judicial district court of Bexar county, which quashed writs of garnishment applied for by said Oil & Gas Company against the Gulf Oil Corporation and Shell Petroleum Corporation. The applications for writs of garnishment described the plaintiff as Peerless Oil & Gas Company, and the affidavit was made by Thornton Davis, vice president of Peerless Oil & Gas Company; the garnishees were described as Gulf Oil Corporation and Shell Petroleum Corporation, both of whom maintain offices and agents in San Antonio, Bexar county, Tex.

The applications alleged that on the 18th day of November, 1936, in the Forty-Fifth district court of Bexar county, in cause No. B–83241 on the docket of said court, entitled Paul C. Teas et al. v. Floboots Corporation et al., Peerless Oil & Gas Company obtained, and now has, a personal judgment against cross-defendant, Paul C. Teas. The applications further alleged that such judgment directed that no execution shall issue thereon until Peerless Oil & Gas Company has first applied for and sought payment of the sum awarded to it from the National Bank of Commerce, out of an escrowed sum of $35,000 in said bank, awarded said Teas as against Floboots Corporation and Plateau Oil Company, and that said escrow shall constitute a primary fund for the payment of said judgment in favor of Peerless Oil & Gas Company. It was further alleged that an appeal from said judgment in favor of said Teas had been perfected by defendant, The Floboots Corporation and intervener, Plateau Oil Company, and said appellants have posted therein, and there has been approved and filed, a supersedeas bond, in consequence of which Peerless Oil & Gas Company is unable to obtain payment of its said judgment from said National Bank of Commerce out of said escrowed fund.

The trial court quashed the writs upon three grounds: First, that the application did not show the status of the Peerless Oil & Gas Company, that is, whether it was a corporation, partnership, or joint stock as-

sociation; second, that the status of the garnishees did not appear in the application; third, that the judgment described in the application for the writs, in favor of Peerless Oil & Gas Company against Paul C. Teas, is not a judgment as could be the basis of writs of garnishment, because the application showed that the court awarded and ordered to be paid to said Peerless Oil & Gas Company a sufficient amount of the escrow funds on deposit in the National Bank of Commerce to entirely pay off and liquidate the judgment rendered against the said Paul C. Teas.

In the case of Luse v. Fort Worth Electric & Motor Car Co. et al., 261 S.W. 163, 164, this court, speaking through Mr. Justice Smith, said:

"It is contended here that in this particular the application is fatally defective, in that it is impossible to determine therefrom whether the plaintiff, who was not further described in the affidavit or application, is a corporation, a joint-stock association, an individual, or a partnership, and, if the latter, the names of the individuals composing the partnership. We think this objection to the application is well taken, and should be sustained. The writ of garnishment is a harsh remedy, and the statutes authorizing its issuance are always strictly construed by the courts, and must be strictly pursued by those invoking it.

"It is also well settled that an affidavit or application for garnishment, or any other pleading seeking affirmative relief, must describe the parties plaintiff as well as defendant, so as to clearly disclose whether the parties are corporations, individuals, or partnerships, and, if the latter, the names of the partners must be stated." (Citing authorities.)

■ Here the only description of the plaintiff is Peerless Oil and Gas Company, and from the affidavit it appears that Thornton Davis is vice president of Peerless Oil & Gas Company. From this we are unable to determine the true status of the Peerless Oil & Gas Company, whether it is a trade-name, a corporation, or a partnership. The same may be said of the description of the garnishees, unless it may be inferred that because of the use of the word "corporation" in the names Gulf Oil Corporation and Shell Petroleum Corporation would be sufficient to designate them as corporations. The appellant so asserts under its third proposition, and relies principally upon the case of First National Bank of Jacksonville v. First State Bank of Jacksonville, Tex.Com.App., 291 S.W. 206. There our Supreme Court, through the Commission of Appeals, held, for the reason that the First National Bank of Jacksonville, Tex., could only lawfully be used by a corporation in this state, it was sufficient allegation that the bank was an incorporated concern. The same holding was applied to state banks in Dobbs v. Smith & Davis Mfg. Co., Tex.Com.App., 291 S.W. 208. These holdings and the reasons upon which they are grounded are not applicable to the garnishees in this case. We are cited to no rule of law that would preclude one from using in a trade-name the word "corporation" without in fact being incorporated. Therefore, we are of opinion that the trial court correctly quashed the writs of garnishment for the two reasons above discussed.

■ While is may be said that it is unnecessary for us to determine the further ground sustained by the trial court in quashing the writs of garnishment, we are of the opinion that the judgment described in the application in which the Peerless Oil & Gas Company recovered a judgment against Paul C. Teas for the sum of $9,403.40, together with interest thereon, and further providing that no execution shall issue until the Peerless Oil & Gas Company has applied for and sought payment of the sum awarded to it from the National Bank of Commerce, and payment thereof has been refused by said bank, that said sum in the National Bank of Commerce is adjudged to be a primary fund for the payment of the judgment. This is not a sufficient showing which in law would authorize the issuance of a writ of garnishment until after the primary fund had been exhausted, or had been diminished to such an extent that at the time of the application for writ of garnishment it could be determined, with mathematical certainty, to what extent the primary fund would not satisfy the judgment in favor of the Peerless Oil & Gas Company. Teague v. Fairchild, Tex.Com.App., 15 S.W.2d 585; New Amsterdam Casualty Co. v. Keith, Tex. Com.App., 273 S.W. 836.

The appellant, by its second proposition, asserts that at the time of its application for writs of garnishment it had filed a $19,000 bond, being more than double the amount of the debt, and the trial court in no event should have quashed and dismiss-

ed the garnishment, but under any construction of appellant's judgment should have allowed the garnishment proceedings to remain on the docket pending the outcome of the main case as between the main parties on appeal.

■ The fallacy of this proposition is that the judgment recites that on the 11th day of January, 1937, the above-styled and numbered cause came on to be heard, when came the plaintiff, by its attorneys, and announced ready for trial. If the appellant had the right to have its garnishment remain on the docket pending the final disposition of the main suit, it should have made that contention in the trial court; failing in this it cannot urge that as error here.

Finding no reversible error, the judgment of the trial court is affirmed.