## LEWIS v. MALOUF MOTOR CO., Inc., et al.

### No. 1795.

Court of Civil Appeals of Texas. Eastland.

May 6, 1938.

D. J. Brookreson, of Benjamin, for appellant.

J. S. Kendall, of Munday, for appellee.

LESLIE, Chief Justice.

As we interpret this record the appeal presents nothing for determination except the alleged error of the trial court in quashing a writ of garnishment against the bank on the sole ground "that the affidavit for garnishment in this cause is insufficient in law and alleges that the garnishee is The Citizens State Bank of Knox City, Texas, *without alleging that the garnishee is a corporation.*" (Italics ours.)

This after judgment garnishment proceeding was directed against "The Citizens State Bank of Knox City, Texas" commanding it to make known what, if any, amounts it was indebted to defendants, Malouf Motor Company, Inc., H. M. Jones, and Holt Mosely. In due time the bank filed its answer in garnishment, stating that it was indebted to the motor company in the sum of $1,072.71; to Holt Mosely, $404.83; and to H. M. Jones, nothing. The original judgment obtained by plaintiff, H. D. Lew-

is, against said defendants amounted to $165, with interest thereon from date, August 4, 1936. November 27, 1936, the Malouf Motor Company, Inc., H. M. Jones, and Holt Mosely, as principals, with A. J. Malouf and H. E. Wall as sureties, replevied the funds impounded in said bank. This was the legal status of the funds at the time the writ of garnishment was quashed.

We are of the opinion that the court erred in quashing the writ of garnishment on the ground set forth. The allegation, "The Citizens State Bank," or the term "State Bank," sufficiently alleges the bank was an incorporated concern. The appellant's contention in this respect is fully discussed and decided adversely to appellees in the opinion in the case of N. J. Dobbs v. Smith & Davis Mfg. Co., Tex.Com.App., 291 S.W. 208; First Nat. Bank of Jacksonville v. First State Bank of Jacksonville, Tex.Com.App., 291 S.W. 206; Peerless Oil & Gas Co. v. Gulf Oil Corp., Tex.Civ.App., 112 S.W.2d 1083 (1, 2). The appellant's first assignment of error is sustained.

By the two remaining assignments the appellant, Lewis, seeks to have the judgment of the trial court reversed and here rendered against appellees for the amount of his judgment, etc. Touching upon this proposition he states in his brief: "True, the appellees tried' to set up a defense against paying the judgment, *but the court never did get to this,* but sustained the motion to quash the writ of garnishment and released the appellees on the theory that the money was never legally impounded because the affidavit and writ did not affirmatively allege The Citizens State Bank was a corporation. However, since the alleged defense is in the case, and will have to be disposed of on another trial, and the trial court seems inclined to hold such 'a legal defense, we believe this honorable court should pass upon it to avoid a multiplicity of appeals * * *." (Italics ours.)

The appellees, Malouf Motor Company, Inc., Mosely, and Jones, against whom appellant, H. D. Lewis, obtained the $165 judgment, besides urging the motion to quash, set up defenses against paying said judgment, alleging among them that "the plaintiff [Lewis] should not recover herein against either of these defendants or the garnishee for the reason that at the time of service of the writ of garnishment in this cause (November 21, 1936) these defendants were not justly indebted to the plaintiff in any sum of money, and did not

on said date have in their hands any property subject to garnishment for the reason that long prior to the service of the writ of garnishment (on bank) these defendants were served with writs of garnishment (November 14 and 15, 1936) issued out of justice's court of precinct No. 5, Knox County, Texas, in a certain cause in which H. E. Wall was plaintiff and H. —. Lewis was defendant, and thereafter on the 22nd day of December, 1936, in said cause the said justice's court rendered judgment against said H. C. Lewis as defendant and against these defendants as garnishees. * * * That these defendants have been required to pay and have paid and discharged said judgment (in favor of Wall) and thereby have fully paid and satisfied the judgment ($165) of the county court upon which the writ of garnishment in this cause was served. That the defendants are not now indebted in any sum of money to the plaintiff H. C. Lewis * * * ."

The justice's court rendered a judgment in favor of H. E. Wall against one Lewis for the sum of $173.18, and also gave judgment in that garnishment against the motor company, Mosely, and Jones, who admitted a joint indebtedness of $165 (county court judgment) to H. D. Lewis, and this garnishment judgment recited that "the sum of $165 * * * when paid shall be and operate as a credit on the judgment ($173.-18) rendered against the defendant H. D. Lewis above recited."

In this connection the appellant, H. D. Lewis, denies that said' Wall took a judgment against him for $173.18, or any other amount, and alleges that if he took any such judgment it was without notice or knowledge on his part and was void, and that in any event the judgment, if any, ran against one H. C. Lewis and not himself. There is no showing that H. C. Lewis referred to generally in the justice's court case is the same person as H. D. Lewis, the appellant herein.

■ From such state of the pleadings and the testimony, we are unable to pass upon the validity of the alleged defense of payment or determine the identity of parties mentioned in the various judgments. We, therefore, conclude that, for the error of the trial court in quashing the writ of garnishment, the judgment must be reversed, and, believing that the ends of justice will better be served by a remand of the cause, it is so ordered.