## ABADIE et al. v. GAYLOR OIL CO. et al.

### No. 10782.

Court of Civil Appeals of Texas. Galveston.

May 18, 1939.

Rehearings Denied June 15, 1939.

Markham & Fischer and Geo. B. Banks, all of Houston, for appellants.

Hunt & Lawler, of Houston, for appellees.

CODY, Justice.

This is a garnishment, after judgment, case.

Appellee, a corporation, recovered judgment against A. M. Abadie and F. W. Abadie, individually, and as members of the copartnership of Abadie Brothers, on August 7, 1933, in the sum of $5,900.48, in the district court of Harris County, in cause No. 210,365. The present proceeding was instituted by appellee on February 15, 1937, against the National Bank of Commerce of Houston, as garnishee, on the aforesaid judgment. The affidavit for garnishment was made by W. C. Gaylor, who was designated as president therein; the affidavit did not state whether appellee was a corporation, partnership, or otherwise. The garnishee answered that it had an account standing in the name and subject to the order of Mrs. Ruby Abadie, A. M. Abadie and F. W. Abadie, etc., etc., and asked that such parties be cited to show what rights as between themselves as against garnishee they severally had to such money. On February 25, 1937, the Abadies attempted to replevy the impounded funds by filing a bond in the sum of $1,200 instead of filing a bond in double the sum of the debt. The clerk withdrew his approval of the bond and

cancelled it, and the funds remained in the hands of the garnishee. On March 17, 1937, the Abadies filed their motion to quash the affidavit for garnishment, which was thereafter overruled on April 13, 1937, setting up (1) that the original judgment was dormant at the time the garnishment was issued, no execution having issued within 12 months; (2) that the affidavit for garnishment was defective because it did not state whether appellee was a corporation, a partnership, a joint stock association, or an individual, or if a corporation, its place of domicile; (3) that the affidavit was also defective because it was not shown therein what authority W. C. Gaylor had to make it. Thereafter, on April 26, 1937, appellee filed its reply to the motion to quash, setting up that none of appellants had filed an acceptable replevy bond and therefore were not entitled to intervene and urge the invalidity of the affidavit. Then, on the same day, the court overruled appellee's contention that appellants could not intervene for want of having filed a replevy bond, but sustained appellee's general demurrer to appellants' plea of intervention and denied their motion to quash. Thereafter, on May 6, 1937, subject to their exceptions to the court's action in overruling their motion to quash, appellants filed their motion to intervene, and set up that the funds were the separate property of Mrs. Ruby Abadie, wife of A. M. Abadie. Appellants later amended and set up an assignment of the funds to Joe Epsom. Finally the court tried the case without a jury, and found that the money belonged to A. M. Abadie, and rendered judgment for appellee, and on December 30, 1937, overruled appellants' motion for a new trial.

The affidavit, as claimed by appellants, does fail to describe the plaintiff (appellee) so as to disclose whether it was a corporation, individual, or partnership, as above indicated. This failure appears to be fatally defective. Luse v. Ft. Worth, etc., Co. et al., Tex.Civ.App., 261 S.W. 163; Peerless Oil & Gas Co. v. Gulf Oil Corporation, Tex.Civ.App., 112 S.W.2d 1083.

Appellee does not, as we understand, contest the correctness of appellants' position, but, to quote from its brief, "The questions involved are not whether the proceedings are defective, but whether a defendant having voluntarily entered an appearance shall be permitted, contrary to all statutes, decisions and rules of law and the courts, to take advantages of such defects." As we understand it, the serving of a writ of garnishment, following the filing of a proper affidavit and application, and the issuance of such writ works a transfer or assignment of the superior rights to the funds in the hands of the garnishee to the garnisher. But, as we further understand it, it is essential to the acquisition of this superior right by the garnisher, that he do what is prescribed by the statutes in order to vest him with such right. Vernon's Ann.Civ.St. art. 4076 et seq. In other words, the question here is not one of whether appellants should be allowed to take advantages of defects—the question is whether appellee shall be allowed the superior right to impound funds after having failed to have done that which the statute prescribes as necessary to entitle a garnisher to the superior right to the impounded funds. Had a judgment creditor failed to obtain a judgment lien because of some failure to properly index the abstract of judgment, we should hardly expect to hear argument advanced in an action seeking to foreclose as on a judgment lien, that the judgment debtor should not be allowed to take advantage of defects after he had appeared in court. The burden, as we understand it, was on appellee to acquire the superior right to the impounded funds by following the requirements of the statute, and those requirements are strictly construed, and appellee failed to acquire such superior right by filing a defective affidavit.

The court erred in not quashing the writ of garnishment, and judgment quashing such writ is here rendered. In the absence of any statement of facts we are unable to render judgment other than that of quashing the writ of garnishment.

Reversed and rendered.