GOODRICH et al. v. SECOND NAT. BANK
OF HOUSTON.

No. 3801.

Court of Civil Appeals of Texas. Beaumont.
Feb. 13, 1941.

Rehearing Denied March 5, 1941.

Minton & Minton and W. F. Goodrich,
all of Hemphill, for appellants.

Smith, Smith & Boyd and George W.
Brown, Jr., all of Beaumont, for appellee.

WALKER, Chief Justice.

On the 31st day of March, 1939, appellee, the Second National Bank of Houston, filed this suit in the district court of Sabine County against appellants, W. F. Goodrich et al., praying for judgment with foreclosure on certain vendor's lien notes described in the petition. We quote as follows from appellee's original petition:

"The petition of The Second National Bank of Houston, Houston, Texas, complaining of W. F. Goodrich, Mrs. Bertha Sutor Goodrich, wife of W. F. Goodrich, Bertha Bailey Goodrich, a single woman, and Ernest Louis Goodrich, defendants, would respectfully show the following:

"Plaintiff is a national banking association organized and existing as aforesaid with its domicile and principal place of business in the City of Houston, Harris County, Texas."

On the 15th day of May, 1939, appellee filed its first amended original petition, making new parties defendant, from which we quote: "Plaintiff, The Second National Bank of Houston, Houston, Texas, is a national banking association organized and existing under and by virtue of the Acts of Congress of the United States of America, with its domicile and principal place of business in Houston, Harris County, Texas."

Appellants answered by plea in abatement:

"(a) * * * that the said The Second National Bank of Houston, Houston, Texas, alleged as plaintiff in this suit, as thus alleged in the original petition filed herein on March 31st, 1939, as appears from said original petition, was not then, and is not now, a party having legal ability and capacity, under the Laws of Texas and the Rules of Pleading and Practice of Courts of this State, to commence this suit and prosecute the same, as party plaintiff, as named, and set out in said original Petition and as such does not sue herein by authority and under any laws of Texas and of any Rules of pleading and practice of the Courts of said State, in any form or manner, or on any cause of action whatsoever, for which reason this cause ought to be abated and dismissed, for which defendants pray;

"(b) * * * a National Banking association duly and legally organized and incorporated, as such, under and by virtue of the laws of the United States, and failing to aver itself thus, as party plaintiff in said original petition, it is apparent from said petition and averments therein, there is not alleged the name of a party plaintiff, who, at the time of filing of said original petition, or who is now, authorized and allowed under the laws of Texas and the Rules of Pleadings and Practice of the Courts of this to file said original petition as filed herein and to commence this suit."

(c) The allegations of the petition did not constitute an allegation or averment "of the name of a party plaintiff" with the power and right "to sue in * * * any court of this State * * * said petition does not name a party * * * authorized to bring this suit."

Appellants also answered by general and special demurrers, and by pleas of limitation against the notes.

On the allegations of appellee's original and amended petitions, the notes in controversy were more than four years past due when the amended petition was filed.

On trial to the court without a jury, appellants' plea in abatement and exceptions were overruled, and judgment was rendered in favor of appellee for the relief prayed for. The First National Bank of Beaumont, named as one of the defendants, on its answer was given judgment against appellants with foreclosure for the amount due on certain notes of the same series plead by appellee. The trial court filed conclusions of fact and law. Appellants have prosecuted their appeal without a statement of facts.

The only point presented by appellants in their brief is the contention based on their plea in abatement and exceptions that appellee's original petition named no person, natural or corporate, "having a legal right and power to sue and commence and maintain suit in the courts of Texas." Appellants make the point that the petition was bad on general demurrer because there was no allegation that appellee was a corporation duly incorporated under either the laws of the United States or of this State.

We overrule appellants' assignments. Appellee's allegations in its original petition, giving its name as "The Second National Bank of Houston, Houston, Texas, * * * a national banking association organized and existing as aforesaid, with its domicile and principal place of business in the City of Houston, Harris County, Texas" were a sufficient designation of appellee as a corporation to give the court jurisdiction of it as a national bank duly incorporated under the Acts of Congress. On this very point in First National Bank of Jacksonville v. First State Bank of Jacksonville, 291 S.W. 206, 207, the Commission of Appeals, writing for our Supreme Court, said: "* * * in other words, we are of the opinion that the name 'the First National Bank of Jacksonville, Tex.,' does import and necessarily carry with it the meaning that the institution referred to was a national bank chartered under the laws of the United States." Peerless Oil & Gas Co. v. Gulf Oil Corporation et al., Tex.Civ.App., 112 S.W.2d 1083, clearly distinguishes the case at bar and the case cited above from the line of authorities cited by appellants. As also supporting our conclusion we cite Dobbs v. Smith & Davis Mfg. Co., Tex.Com.App.,

291 S.W. 208; Lewis v. Malouf Motor Company, Inc., Tex.Civ.App., 116 S.W.2d 872.

It follows that the judgment of the lower court should be affirmed and it is accordingly so ordered.

Affirmed.