## POWERS v. FARMERS & MERCHANTS NAT. BANK OF GILMER.

### No. 6597.

Court of Civil Appeals of Texas.
Texarkana.

Nov. 8, 1951.

On Motion for Rehearing Nov. 29, 1951.

Mat Davis, Gilmer, for appellant.

Florence & Florence, J. O. Duncan, all of Gilmer, for appellee.

LINCOLN, Justice.

O. O. Powers instituted suit against Cleo Coulter in the County Court of Upshur County for debt. While the suit was pending appellant made and filed his application for writ of garnishment directed to appellee Farmers & Merchants National Bank of Gilmer, Texas. Upon the trial of the issue Cleo Coulter was permitted to intervene. Appellee Coulter in his intervention moved the court to quash the application for writ of garnishment for the reason he alleged that it is fatally defective, in that it does not allege whether the Farmers & Merchants National Bank of Gilmer, Texas, is a corporation, a partnership, a joint stock association, or an individual, or if a corporation its place of domicile.

Upon a hearing the trial court quashed the application for writ of garnishment hence this appeal.

The only issue to determine on this appeal is whether the trial court erred in quashing the application, the material portions reading as follows:

"Now comes O. O. Powers, plaintiff in the above entitled and numbered cause and makes application for the issuance of a writ of garnishment against the *Farmers & Merchants National Bank of Gilmer, Texas,* as garnishee, and, being duly sworn, says that plaintiff has hereinabove in this court instituted suit against Cleo Coulter, as defendant, which said suit is now pending on the docket of this court and numbered 3511; that in such suit plaintiff sues for debt to recover the sum of $228.20; that such debt is just, due and unpaid; that the defendant has not, within affiant's knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such debt; that the garnishment applied for is not sued out to injure either the defendant Cleo Coulter, or the garnishee, the *Farmers & Merchants National Bank of Gilmer, Texas,* and, that affiant has good reason to believe and does believe that the said *Farmers & Merchants National Bank of Gilmer, Texas, garnishee, whose residence is Gilmer, Upshur County, Texas,* is indebted to the defendant Cleo Coulter, or has in its hands effects belonging to the defendant Cleo Coulter" (italics ours). There is no question raised here but that the application for writ of garnishment is in all respects regular unless it is required to state that the Farmers & Merchants National Bank of Gilmer, Texas, is a corporation and to name its place of residence. The residence of the bank is alleged in the application. It is not now necessary in an application for garnishment to state that the garnishee bank is a corporation. This for two reasons: First, as relevant here, Rule 658, Texas Rules of Civil Procedure, requires only that the name and residence of the garnishee be stated. Rule 658 in its entirety is: "Before the issuance of the writ of garnishment, the plaintiff shall make application therefor, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe, that the garnishee, *stating his name and residence,* is indebted to the defendant, or that he has in his hands effects belonging to the defendant. Amended by order Aug. 18, 1947, effective Dec. 31, 1947." (Italics ours). An absolute compliance with the above rule would not require the

naming of the garnishee bank as a corporation. Under the rule, other requirements being complied with, all that is necessary is to state the name of the bank and its place of residence. We hold that under the wording of the above rule the application for writ of garnishment in this case satisfies its requirements with respect to the name of the garnishee and its place of residence.

■ Should we be mistaken in our holding above, then we think that the designation of the garnishee as the Farmers & Merchants National Bank of Gilmer, Texas, whose residence is "Gilmer, Upshur County, Texas," is sufficient without adding that the garnishee bank is a corporation. This is the holding of the Commission of Appeals in First Nat. Bank of Jacksonville v. First State Bank of Jacksonville, Tex.Com.App., 291 S.W. 206; N. J. Dobbs v. Smith & Davis Mfg. Co., Tex. Com.App., 291 S.W. 208. See also Smith & Davis Mfg. Co. v. Citizens State Bank of Marshall, Tex.Civ.App., 267 S.W. 1016, by this court. The holding in the above cases was followed by the late Chief Justice Leslie in Lewis v. Malouf Motor Co., Inc., Tex.Civ.App., 116 S.W.2d 872. The precise question there decided is involved here, and it was held not necessary to designate a national bank as a corporation because of the presumption that obtains with respect to such banking concerns.

It is our conclusion, then, that the trial court erred in quashing the application for garnishment, and for that reason this case must be reversed and remanded to the trial court.

No error is presented by the other point brought forward and it is overruled.

Reversed and remanded.

### On Motion for Rehearing

The conclusion in our opinion handed down November 8, 1951, is changed to read:

It is our conclusion, then, that the trial court erred in quashing the application for garnishment, and for that reason the judgment is reversed and the cause remanded to the trial court with instructions to render judgment in favor of appellant Powers against appellee Bank and the bondsmen on the replevin bond for the amount of money held by the bank in the name of appellee Coulter on the date the writ of garnishment was served on said bank.

Reversed and remanded with instructions.