**W. F. SMITH et al., Appellants,**

v.

**Buck C. MILLER et al., Appellees.**

No. 13060.

Court of Civil Appeals of Texas.

Galveston.

Feb. 7, 1957.

Rehearing Denied Feb. 28, 1957.

Herman W. Mead, Houston, for appellants.

Dan Brown, Houston, for appellees.

HAMBLEN, Chief Justice.

This is an appeal from an order overruling the motion of W. F. Smith, defend-

ant in the trial court, to quash the writ of garnishment applied for by Buck C. Miller and E. R. Parker, as plaintiffs in the trial court, against The City National Bank of Houston, as garnishee. A former appeal from such order, undertaken before the main cause had proceeded to final judgment, was dismissed by this Court for lack of jurisdiction, 285 S.W.2d 413, and mandate issued. The cause was thereafter tried and the final judgment rendered against the defendant. This appeal presents the same issues as were formerly before this Court and is limited to an attack on the order overruling motion to quash the garnishment. Appellants' three points of error are as follows:

### First Point

"The application for the writ of garnishment was void and of no force or effect without the signature of E. R. Parker, as required by Rule 658, Vernon's Texas Rules of Civil Procedure.

### Second Point

"No authority is shown for appellee, Buck C. Miller to sign the application for writ of garnishment on behalf of appellee, E. R. Parker, and in the absence of such authority the writ is void.

### Third Point

"The trial court committed fundamental error in permitting appellee, E. R. Parker to sign the bond eighteen (18) days after the same was filed because the trial court did not have jurisdiction to permit such signing and for the further reason, such signing was contrary to Rule 679, Vernon's Texas Rules of Civil Procedure."

We overrule such points.

Appellants' argument in support of their first point of error rests upon the contention that the provisions of Rule 3, T.R.C.P., as well as of Section 4, Article 10, Vernon's Ann.Tex.Civ.St., to the effect that the singular and plural number shall each include the other, makes it mandatory that all parties plaintiff sign the application for garnishment in order to comply with the requirements of Rule 658, T.R.C.P. Regardless of the provisions of Rule 658, T.R.C.P., it appears to be well established that the attorney for, or any authorized agent of, plaintiffs may make the application required by the Rule. 20-B Tex.Jur., page 246, Sec. 51, and authorities there cited. The only requirement is that the authority of any person other than the plaintiff who signs the application should appear therein, without reference to the record in the original suit. Appellants concede this to be the law in their brief. The case of Smith v. City National Bank of Wichita Falls, Tex.Civ.App., 140 S.W. 1145, relied upon by appellants, does not support their first point of error. That case was one wherein there were several defendants. In the application for garnishment the plaintiff stated that only one of such defendants had no property in his possession subject to execution sufficient to satisfy the debt. The Court held such an application insufficient to support the writ. The case is not factually analogous to the case at bar.

Appellants' second point is likewise without merit. Appellees' application for garnishment is prefaced as follows:

"Now comes Buck C. Miller and E. R. Parker, the Plaintiffs in the cause of Buck C. Miller and E. R. Parker vs. W. F. Smith, d/b/a W. F. Smith Co., now pending in this Court, the file number of which is No. 436,917, and applies for a writ of garnishment to issue to the City National Bank of Houston, Texas, a banking institution chartered by the laws of the United States whose address is 921 Main St., Houston, Texas, as garnishee, and being duly sworn and for cause Plaintiffs say: * * *"

Following the formal allegations required for the issuance of a writ of garnishment, the application is signed only by Buck C. Miller. The fiat of the notary public re-

flects that only Buck C. Miller swore to the facts alleged in the application.

■ Appellants have conceded, and the authorities in any event establish, that the application for garnishment may be signed either by the plaintiffs, or by a person duly authorized, provided the authority appears within the application. In the instant case, the application clearly shows on its face that Buck C. Miller, who signed the application, is one of the plaintiffs in the original suit. It appears to be established that one of several plaintiffs has authority to sign for his co-plaintiffs. In 20–B Tex.Jur., page 246, Section 51, heretofore cited, it is said: "Any one of several plaintiffs may make an affidavit [for garnishment] * *." In support of this statement, the text cites Patton v. Crisp & White, Tex.Civ.App., 11 S.W.2d 826, and Hillis v. Wolfe, Tex.Civ. App., 284 S.W. 227. Appellants have cited no authority to the contrary, and we have found none.

The record before us, which consists only of a transcript, does not support appellants' third point. The transcript contains a bond for garnishment, purporting to be signed by E. R. Parker and Buck C. Miller, as principals, and by Fidelity and Deposit Company of Maryland, as surety, dated and filed on April 22, 1955, which is the date on which the application for garnishment was filed. Further in the transcript, there appears an application for authority to sign the garnishment bond, and an order of the trial court in the following language:

"This the 10th day of May, 1955, after due notice to the Defendant, W. F. Smith, came on to be considered the written request of Plaintiff, E. R. Parker, for authorization to sign the bond executed in the garnishment proceedings filed in this cause; and it appearing that permitting the said E. R. Parker to sign such bond is in the furtherance of justice and should be allowed, it is ordered that Plaintiff, E. R. Parker, be and he is hereby authorized to sign said bond."

■ The application and the order last mentioned appear to have been made and to have been entered under the provisions of Rule 679, T.R.C.P. The record reflects that the failure of Parker to sign the bond originally was not asserted by appellants before the trial court as a ground for quashing the writ of garnishment. It does reflect that by stipulation of counsel, the hearing on the motion to quash was limited to the complaint that Parker did not sign the application for garnishment. The record contains no exception on the part of the appellants to the action of the trial court in entering the order above quoted. Neither is there any statement of facts from which this Court can determine the propriety of the action of the trial court complained of. For these reasons alone, we are compelled to overrule Point 3. But even assuming that the record were such as to preserve the error complained of for appellate review, it would nevertheless appear that the defect in the bond, in so far as it constitutes a ground for quashing the writ of garnishment has been waived by appellant under the stipulation above mentioned. The defect is not fundamental or jurisdictional, as appellant asserts, but is one which may be waived. Such is clearly implied in the holdings in Goodbar v. City Nat. Bank of Sulphur Springs, 78 Tex. 461, 14 S.W. 851, and Reinertsen v. E. W. Bennett & Sons, Tex.Civ.App., 185 S.W. 1027.

It is ordered that the judgment of the trial court be affirmed.

CODY, J., not sitting.