**FIRST NATIONAL BANK OF FABENS,**
Appellant,

v.

**PACIFIC COTTON AGENCY, Appellee.**

No. 13495.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 12, 1959.

Rehearings Denied Dec. 9, 1959.

Duane O. Juvrud, El Paso, for appellant.

Ewers, Toothaker, Ewers, Elick, Jones & Abbott, McAllen, for appellee.

BARROW, Justice.

This is a garnishment proceeding in which the plaintiff, Pacific Cotton Agency, recovered judgment against garnishee, The First National Bank of Fabens, a banking corporation, Fabens, Texas. The judgment was recovered by default, and the Bank has duly perfected a writ of error.

On June 27, 1958, appellee recovered a default judgment against one J. D. Freeman in the amount of $6,408, plus six per cent interest from July 20, 1953, in Cause No. C–1640, in the 139th District Court of Hidalgo County, Texas.

On June 28, 1958, appellee filed an affidavit for garnishment against The First National Bank of Fabens. Said affidavit consisted of a printed form with the blanks filled out in longhand. The affidavit did not state the character of the garnisher or his capacity, whether an individual, partnership, joint stock association or corporation.

The writ was issued and returned, showing service on "John Hendrick, President of First National Bank at Fabens, Texas." The return was filed by the Clerk of the District Court of Hidalgo County on August 4, 1958. The garnishee not having answered, judgment by default was rendered on August 7, 1958, in favor of Pacific Cotton Agency and against the garnishee for the full amount of the debt.

Appellant, The First National Bank of Fabens, contends that the judgment should be reversed and rendered, for the reason that the affidavit failed to show the status of appellee, Pacific Cotton Agency, whether a corporation, partnership, joint stock association, or individual.

Prior to the adoption of Rule 679, Texas Rules of Civil Procedure, it had been repeatedly and consistently held that an application or affidavit for garnishment must describe the parties plaintiff, as well as defendant, so as to clearly disclose whether the parties were corporations, individuals or partnerships, and if the latter, the names of the partners should be stated. It was also held that such application or affidavit could not be amended and must stand or fall on its own averments, and that such defect

in the affidavit or application was fatal to the writ. Abadie v. Gaylor Oil Co., Tex. Civ.App., 129 S.W.2d 319; Peerless Oil & Gas Co. v. Gulf Oil Corporation, Tex.Civ. App., 112 S.W.2d 1083; Luse v. Fort Worth Electric & Motor Car Co., Tex.Civ.App., 261 S.W. 163.

Rule 679, supra, which became effective September 1, 1941, provides:

"Clerical errors in the affidavit, bond, or writ of garnishment or the officer's return thereof, may upon application in writing to the judge or justice of the court in which the suit is filed, and after notice to the opponent, be amended in such manner and on such terms as the judge or justice shall authorize by an order entered in the minutes of the court (or noted on the docket of the justice of the peace), provided such amendment appears to the judge or justice to be in furtherance of justice."

Therefore, it is evident that with the adoption of Rule 679 the strict rule theretofore applicable in such cases was relaxed and no longer applies. This new rule has been construed and applied in two cases: Smith v. Miller, Tex.Civ.App., 298 S.W.2d 845, and Mundy & Co. v. Houston Bank & Trust Co., Tex.Civ.App., 254 S.W.2d 793. In the Mundy case the Court had before it a garnishment proceeding in which the application did not show in what court the main suit was pending, and did not show that the alleged debt was "just" as well as due and unpaid. In other words, the word "just" was omitted. The trial court refused to permit the application to be amended and quashed the writ. This was held to be error. In the Smith case one of the plaintiffs did not sign the garnishment bond. The court, by order duly entered, permitted him to sign the bond some eighteen days after it was filed. The Court of Civil Appeals held that this action was not error. The Court, however, held that the record showed, inter alia, that no exception was taken to the court's action and was waived by the defendant, and further held that

those matters were neither fundamental nor jurisdictional.

In this case the garnishee was duly served with a writ which in all respects met with the requirements. Had the garnishee answered, the affidavit could have been amended to show the status of appellee. Rule 679, T.R.C.P. Under the authorities above cited, the defect in the application was not fatal. Appellant's contention is overruled.

■ On oral argument of the case our attention was called to the fact that judgment against the garnishee was rendered within ten days after the writ of garnishment, with the officer's return thereon, was filed with the clerk. Rule 667, T.R.C.P., provides:

"If the garnishee fails to file an answer to the writ of garnishment at or before the time directed in the writ, it shall be lawful for the court, at any time after judgment shall have been render. ainst the defendant, and on or afte. appearance day, *to render judgment by default, as in other civil cases,* against such garnishee for the full amount of such judgment against the defendant together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings. The answer of the garnishee may be filed as in any other civil case at any time before such default judgment is rendered." (Emphasis added.)

Rule 107, T.R.C.P., provides for the return of the citation in civil cases and, among other things, provides:

"No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment."

Rule 124, T.R.C.P., provides:

"In no case shall judgment be rendered against any defendant unless up-

on service, or acceptance or waiver of process, or upon an appearance by the defendant, as prescribed in these rules, except where otherwise expressly provided by law or these rules."

We regard these rules as mandatory. It is apparent from the record that the appellant made no appearance and that the judgment was rendered prematurely. This was error requiring a reversal.

The judgment is reversed and the cause remanded.