**SOUTH FORT WORTH STATE BANK,**
Appellant,

v.

**Arnold HOWE, d/b/a Eagle Mountain Trading Post, Appellee.**

No. 16355.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 12, 1962.

Harry N. Ward, Jr., Fort Worth, for appellant.

Biddle, Fender & Day, and Eugene D. Biddle, Fort Worth, for appellee.

MASSEY, Chief Justice.

Appellant, South Fort Worth State Bank, was a garnishee against whom appellee Arnold Howe had obtained a default judgment on October 2, 1961. We treat the matter before us as an appeal by writ of error from said judgment.

One element of complaint is because the sworn application and affidavit under which writ of garnishment was demanded failed to state whether W. F. Lytle, Jr., the defendant against whom the appellee had obtained a final judgment in personam, was a corporation, individual or partnership.

Another element of complaint is because the sworn application and affidavit under which writ of garnishment was demanded stated that the judgment which appellee had obtained against W. F. Lytle, Jr., was in a cause entitled and numbered as the ancillary suit for garnishment and thereby failed to correctly state the number and style of the cause of the principal suit, i. e., that under which the appellee had obtained his judgment against Lytle.

This circumstance arose by reason of the fact that the sworn affidavit/application for garnishment was erroneously prepared with a number and caption identical to that of appellee's suit against Lytle. The clerk of the court properly insisted that the garnishment proceedings be docketed as a suit which was differently styled and numbered. By interlineation the number of the suit against Lytle was changed to that given the garnishment suit, and in the style at the top of the application the name of W. F. Lytle, Jr., as defendant was stricken out with the name of the appellant bank written in. The body of the instrument was not changed, and therein it was stated: "On the 5th day of January, 1961, *in the above entitled and numbered cause* * * * plaintiff obtained a personal judgment against W. F. Lytle, Jr.,

defendant, for the sum of * * *." (Emphasis supplied.)

The appellant's contentions are that either of said elements of complaint rendered void the judgment entered by default in the garnishment suit, or at least that the circumstances entitled appellant to avoid the effect of the judgment through a decree of this appellate court setting aside and annulling the same.

 We overrule the contentions so advanced. The errors complained of were clerical errors. There is no contention that the writ itself (issued upon the supposed sufficiency of the sworn affidavit and application) failed in any respect as to requirements. Had the appellant garnishee bank filed its answer the affidavit/application could have been amended to show the appellee's status as an individual, and to show the correct style and number of the cause of action in which appellee had obtained his judgment against Lytle. Texas Rules of Civil Procedure, rule 679, "Amendment (of clerical errors in the affidavit, etc.)". There is no question and it is a fact that both the principal and the garnishment case were in the same court, and the antecedent principal judgment was judicially noticed by the trial judge in the garnishment proceedings.

The contention relative to the failure of the affidavit/application to state the legal status of the appellee was the identical question passed upon in the case of First Nat. Bank of Fabens v. Pacific Cotton Agency, 1959 (Tex.Civ.App., San Antonio), 329 S.W.2d 504, an appeal by writ of error from a default judgment in a garnishment case. The holding was against the contention appellant has advanced. The court was of the opinion that since the clerical error could have been amended in the event there had been an answer to the writ of garnishment (if complaint thereof had been made in the answer), and since the clerical error would properly be treated as waived had there been an answer which

made no complaint thereof, it would be treated as constructively waived in a case where the garnishee filed no answer. We agree. We are furthermore of the opinion that the same reasoning and holding would apply to the contention here made concerning the misstatements made in the affidavit/application about the number and style of the principal case in which appellee had taken judgment against Lytle.

Judgment is affirmed.