**MANSFIELD STATE BANK, Appellant,**

**v.**

**Louetta FONVILLE, Appellee.**

**No. 17418.**

Court of Civil Appeals of Texas,
Fort Worth.

June 8, 1973.

Rehearing Denied July 6, 1973.

Day & Day and Joe Day, Jr., Fort Worth, for appellant.

Alley & Potter and T. Wade Potter, Fort Worth, for appellee.

OPINION

LANGDON, Justice.

This is an appeal by writ of error from a default judgment taken on August 17, 1972, by the appellee, Louetta Fonville, the garnishor, against the appellant, Mansfield State Bank, the garnishee.

The agreed statement of facts appearing in the paragraphs next following is dated January 6, 1973.

"Be it remembered that on the trial of the above entitled and numbered cause, on the 17th day of August, 1972, in the 153rd District Courtroom in the Courthouse of Tarrant County, Texas, Judge Ardell M. Young, presiding in the absence of Judge Walter E. Jordan, without notice or setting appeared in the courtroom the Honorable T. Wade Potter and the Honorable Travis Alley, attorneys for the Garnishor, Louetta Fonville, individually and as sole legatee and devisee of the will of Robert B. Fonville, Deceased, sometimes known as R. B. Fonville, and as survivor of the community estate of herself and Robert B. Fonville, Deceased;

"And the Honorable T. Wade Potter obtained the attention of the Court, and announced that he desired to obtain a default judgment in Cause No. 48–14264–72, styled Louetta Fonville vs. H. G. Whitehead, Sr. in the 48th District Court of Tarrant

County, Texas, and the Court having heard and considered said cause granted a final judgment therein by default and thereafter proceeded to hear the above captioned garnishment case filed ancillary thereto. The Court then recognized Mr. Potter, who handed to the Court the file jacket in this case, together with a form for the Final Judgment. Whereupon, the Court examined the instruments in the file jacket, being the Application for Writs of Garnishment, signed by the Honorable T. Wade Potter and sworn to before a Notary Public in and for Tarrant County, on the 17th day of July, 1972, together with the Citation for Writ of Garnishment Before Judgment dated July 17, 1972, and the Constable's Return thereon showing said Writ was served on Don Ayres, President of the Mansfield State Bank, on the 18th day of July, 1972, at 9:20 o'clock A.M. in the City of Mansfield, County of Tarrant, State of Texas;

"And the Court having noticed that the Citation and Return on said Writ of Garnishment had been on file in the Clerk's Office for more than ten (10) days, the Court took the form of Judgment presented to him, entered the date in the blank in the first line thereof, entered the sum of Seventy-Five and 00/100 Dollars ($75.00) in the blank left for attorneys' fees for the attorney who had represented the First National Bank of Fort Worth, entered the sum of Eight Thousand Eighty-One and 40/100 Dollars ($8,081.40) in the two blanks on the second page of said Judgment, and entered the date of 17th of August, 1972, and the costs of suit in the amount of Twenty-Six Dollars ($26.00) on the second page thereof, and thereafter signed said Judgment. The Court did not see, examine or require the Bond in garnishment to be presented to him in reliance upon the Texas Rules of Civil Procedure and particularly Rule 658a, Texas Rules of Civil Procedure, wherein the District Clerk, the Officer issuing the Writ of Garnishment, is required to approve such Bond prior to issuance of the Writ in garnishment and pursuant to the local custom, rule and procedure wherein the Bond in garnishment is kept locked in the safe of the District Clerk's office.

"No witnesses were called and all of the evidence adduced is as set forth above.

"The parties to the above entitled and numbered cause, through their attorneys of record, hereby agree that the above and foregoing first page and this page of typewritten matter is a full and correct statement of all of the facts given in evidence and all of the evidence adduced on the trial of such cause, and that the same constitutes a Statement of Facts therein."

The application for Writ of Garnishment was signed and sworn to by T. Wade Potter as attorney for the plaintiff pursuant to Rule 14, T.R.C.P. The bond was signed by Alton W. Fonville as agent for the principal, Louetta Fonville, etc., and Alton W. Fonville also signed the bond as surety in his individual capacity.

The appellants have not filed a transcript or statement of facts herein pertaining to the principal case, being Cause No. 48-14264-72 styled Louetta Fonville v. H. G. Whitehead, Sr., to which suit this proceeding in garnishment is ancillary.

The appellant bank was served with the Writ of Garnishment on July 17, 1972, by service on its president, Don Ayres. Judgment by default was taken against appellant on August 17, 1972. Notice of the default judgment was mailed to appellant by the District Clerk on August 17, 1972, pursuant to Rule 239a, T.R.C.P. No action was taken by appellant until November 14, 1972, when appellant filed its "Petition for Writ of Error for Review by Court of Civil Appeals" some eighty-eight (88) days after entry of the default judgment and some one hundred nineteen (119) days after appellant's president was served with the writ of garnishment.

This appeal is based upon four points of error.

We affirm.

By its first point the appellant asserts that the garnishment bond was defective because it was not signed by the principal and will not therefore support the default judgment.

The bond shows on its face that it was signed by Louetta Fonville, etc., as principal by "her agent" Alton W. Fonville. There is nothing in the record to refute the presumption of agency. The bond was duly approved by the District Clerk and the writ of garnishment was issued. The appellant filed no answer, motion to set aside the judgment or direct appeal within the time required by law and has pled no equitable grounds to set the judgment aside by way of a bill of review filed in the trial court. See South Fort Worth State Bank v. Howe, 361 S.W.2d 447 (Fort Worth Civ.App., 1962, no writ hist.) and First Nat. Bank of Fabens v. Pacific Cotton Agency, 329 S.W.2d 504 (San Antonio Civ.App., 1959, no writ hist.).

Rule 679, T.R.C.P., effective September 1, 1941, provides that "Clerical errors in the affidavit, bond, or writ of granishment or the officer's return thereof, may upon application in writing to the judge or justice of the court in which the suit is filed, and after notice to the opponent, be amended in such manner and on such terms as the judge or justice shall authorize by an order entered in the minutes of the court (or noted on the docket of the justice of the peace), provided such amendment appears to the judge or justice to be in furtherance of justice."

The case of Smith v. Miller, 298 S.W.2d 845 (Galveston Civ.App., 1957, ref., n. r. e.) is direct authority to the effect that the bond in garnishment can be amended, and that an Agent may sign the bond.

In the case at bar Alton W. Fonville's authority to act as the Agent of the Garnishor, principal on the bond, is clearly shown on the face of the bond itself. The fact that he signed the bond in his individual capacity is clearly shown.

In Smith v. Miller, supra, the court at page 847 of the opinion siad that, " . . . The defect is not fundamental or jurisdictional, as appellant asserts, but is one which may be waived. . . ."

Rule 14, T.R.C.P., allows an agent to make an affidavit for his principal in a pending suit. Rule 93, T.R.C.P., requires a pleading in the nature of "non est factum" to be sworn to and Rule 94, T.R.C.P., requires an affirmative defense to be specifically pled.

The bond was signed in the same manner that a corporate bond would have been signed had the corporate agent chosen to make himself personally liable on the bond. Any claimed defects in the application, affidavit, writ or bond have been waived.

The second point of error contends that the Writ of Garnishment alleging an indebtedness in the amount of $4,781.00 will not support the judgment for $8,081.-40. We overrule this point.

The Writ of Garnishment states that the plaintiff is claiming an indebtedness against the defendant in the amount of "$4,781.00 Dollars, besides interest and costs of suit, . . . ."

The Application for Writs of Garnishment states in part as follows: " . . . plaintiff sues for debt to recover the sum of $4,781.00, plus interest thereon from December 16th, 1964, at the rate of seven (7%) per cent per annum, and for ten (10%) per cent additional on the principal and interest due on said indebtedness . . . ."

The Bond is executed in the sum of $16,500.00, which amount is more than double the amount of the default judgment in the sum of $8,081.40.

The Writ conforms to the form provided by Rule 661, T.R.C.P., and the appellant has its place of business and legal domicile in Tarrant County, Texas. The alleged discrepancies, if any, have been waived.

South Fort Worth State Bank v. Howe, supra.

By its point three the appellant asserts that the Writ of Garnishment was defective because it does not allege that the garnishee is a corporation. The point is overruled.

In the application for the Writs of Garnishment, it was alleged that the garnishees, First National Bank of Fort Worth, was a national banking corporation and a resident of Fort Worth, Tarrant County, Texas; and that Mansfield State Bank was a state banking corporation and a resident of Mansfield, Tarrant County, Texas.

The Writ of Garnishment was issued against Mansfield State Bank and the Officer's Return thereon shows that the Writ was served on Mansfield State Bank (a corporation) by delivering to Don Ayres, President, in person, a true copy of this Writ. See Rule 658, T.R.C.P., and Powers v. Farmers & Merchants Nat. Bank, 244 S.W.2d 300 (Texarkana Civ.App., 1951, no writ hist.).

The Court held in the Powers case that an absolute compliance with the rule would not require the naming of the garnishee bank as a corporation, and cited the holding of the Commission of Appeals in First Nat. Bank v. First State Bank, 291 S.W. 206 (Tex.Com.App., 1927); Smith & Davis Mfg. Co. v. Citizens' State Bank, 267 S.W. 1016 (Texarkana Civ.App., 1924, affirmed at 291 S.W. 208, N. J. Dobbs v. Smith & Davis Mfg. Co., 1927, Tex.Com.App.).

The holding in the above cited cases were followed in Lewis v. Malouf Motor Co., Inc., 116 S.W.2d 872 (Eastland Civ. App., 1938, no writ hist.).

The cases cited and relied upon by the appellant were written prior to the amendment of Rule 658, T.R.C.P.

We find and hold that the Application for the Writ of Garnishment in this case in which Mansfield State Bank was shown to be a state banking corporation, of Mansfield, Tarran County, Texas, and the Writ of Garnishment and Officer's Return thereon showing that the Writ against Mansfield State Bank was issued and served on the President of said Bank fully met the requirements of Rule 657, T.R.C.P., and that the Application, Bond and Writ were sufficient to support the default judgment entered in the case against appellant.

In the case at bar the appellant bank was properly served with the garnishment Writ, and was promptly mailed a notice of the judgment on the 17th day of August, 1972, by Ann Hurley, Deputy District Clerk, in accordance with Rule 239a, T.R. C.P.

By its fourth point the appellant urges that this is a proper case to invoke the principles of equity to prevent an injustice. We overrule this point.

In our opinion the trial court properly granted judgment by default against the appellant bank herein some eighty-eight (88) days prior to the time appellant instituted this appeal by way of Writ of Error. The excuses and claimed defenses should have been urged at the proper time in the trial court.

A garnishee is required to take reasonable steps to protect itself. Failing to do so it must suffer the consequences. In the absence of such a rule no default judgment would ever become final.

In Burke v. Hance, 76 Tex. 76, 13 S.W. 163, 164 (1890) the court held that:

" . . . 'a negligent garnishee is no more entitled to protection than any other negligent party, and he is as much bound to look after the proceedings against him, and protect himself from an improper judgment, as a defendant in an ordinary suit is. If, by his failure in this respect, the plaintiff gain an advantage over him, he is without relief.' "

Having overruled all points of error the judgment of the trial court is affirmed.