**HUDLER–TYE CONSTRUCTION, INC., Appellant,**

v.

**PETTIJOHN & PETTIJOHN PLUMBING, INC., Appellee.**

**No. 2–81–002–CV.**

Court of Appeals of Texas, Fort Worth.

April 22, 1982.

Cecil M. Arnold, Dallas, for appellant.

Law Office of John R. Lively and Robert J. Gieb, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

## OPINION

JORDAN, Justice.

This case involves a writ of error filed in this court by Petitioner Hudler-Tye Construction, Inc. from a default judgment rendered against it in a garnishment suit filed by respondent Pettijohn & Pettijohn Plumbing, Inc. Respondent had secured a judgment against one Don Roberts on May 28, 1980 in the sum of $3635.00, representing a principal debt of $2835.00 plus $800.00 attorneys fees with nine per cent interest from date of judgment. Thereafter, on February 19, 1981 respondent filed application for writ of garnishment against petitioner and on March 16, 1981 took default judgment after petitioner failed to answer.

The garnishment made was for the full amount of the judgment previously taken against Don Roberts.

We affirm.

■■■ By its first point of error petitioner complains that the sheriff's return on the Writ of Garnishment does not show the place of service as required by Tex.R.Civ.P. 16 and 663. It is true that the return did not state the place of service of the Garnishment Writ, but it did show that it was served on Richard W. Hudler, the agent for Hudler-Tye Construction, Inc. on February 19, 1981 at 2:33 p. m. by Frederick Martin, Deputy for Bill Brown, Constable of Precinct Three, Tarrant County, Texas. We think this was sufficient under Tex.R. Civ.P. 107 and the case of *Dickinson v. Dickinson*, 173 S.W.2d 549 (Tex.Civ.App.— Waco 1943, no writ). Rule 107 requires that the return of the officer executing the citation shall be endorsed on or attached to the same; *it shall state when the citation was served* and the manner of service and be signed by the officer officially. The return of citation in this case does comply with Tex.R.Civ.P. 107 which says nothing about requiring a showing of where service was performed. Tex.R.Civ.P. 16, as pointed out by petitioner, does require that the place of service be stated on an officers return. However, even though these two rules conflict, it has long been held that if the place of service is not stated in the return, it will be presumed that the service was effected in the county where the officer was authorized to act, until the contrary appears. 2 McDonald, Section 9.17, p. 402 (1970). See *Dickinson v. Dickinson, supra,* where this precise point was involved and it was held that under Rule 107 where the place of service is not recorded on the return it will be presumed that the service was accomplished in the proper county. In Dickinson, service was effected in Harris County, Texas, but the return did not reflect such fact. The return showed only that service was accomplished by a deputy of the Harris County Sheriff. The court said at page 551: "Four important reasons impel us to the foregoing view: (1) No statement of facts accompanies the record, and there is no way for us to know the nature of the proof introduced. (2) The presumption obtains, until the contrary appears, that the citation was served on appellant in Harris County; and there is nothing in the record that tends to negative such presumption. (3) If appellant was actually served with citation outside of Harris County, the county in which his residence was alleged to be, he could have availed himself of such defective service. Appellant makes no contention that he was not served in Harris County. (4) The new rules were adopted with full knowledge of the interpretation that had been placed by our courts on this exact factual situation." This language is particularly applicable to our facts.

Because of the above cited authorities we overrule petitioner's first point of error.

In its next six points of error petitioner attacks the respondent's application for writ of garnishment on the grounds that it fails to comply in many respects with the requirements of Tex.R.Civ.P. 658. This rule of procedure requires that an application for a writ of garnishment be supported by affidavit, that it comply with all statutory requirements, and that it state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court. Rule 658 also requires that the application and affidavit be made on personal knowledge, or, in the alternative, that it be based on information and belief, if those facts which provide the grounds for such information and belief are specifically stated.

■■■ The statutory requirements for post-judgment garnishment writs, contained in Tex.Rev.Civ.Stat.Ann. 4076(3) are that plaintiff have a valid subsisting judgment and that the defendant has not, within the affiant's knowledge, property in defendant's possession within the state, subject to execution, sufficient to satisfy the judgment.

We think the respondent's application for writ of garnishment satisfied each of the requirements of Rule 658 and Article 4076(3).

Petitioner's primary contention is that the application, which is a sworn affidavit signed by respondent's attorney of record, is not based on the personal knowledge of the affiant. The application and affidavit of the respondent states that affiant is "fully cognizant" of the matters stated therein. Petitioner argues that the phrase "fully cognizant" does not mean the same as having personal knowledge and relies on *Metroplex Factors, Inc. v. First Nat. Bank*, 610 S.W.2d 862 (Tex.Civ.App.—Fort Worth 1980) decided by this court. The affidavit supporting the application for writ of garnishment in that case recited that the affiant was "cognizant" of the matters recited herein. In *Metroplex Factors Inc.* the trial court dissolved the writ, ruling that the affidavit and application was defective in several respects, one of which was that the application was not based on and did not reflect the personal knowledge of the person signing it. This court agreed with the trial court and affirmed, but on the point involved here, whether the affidavit was based on personal knowledge when it stated the affiant was "cognizant" of the matters stated therein, the court stated: "We recognize that in some cases of accepted usage, the word *cognizant* can imply the kind of knowledge required in the first category of affidavits, *but we hold that the ruling of the trial court that this particular affidavit was defective was within the court's discretionary authority since this language of implication does not state clearly, positively and unequivocally that the affiant was swearing to matters within his personal knowledge.* (Emphasis added)

In reaching the conclusion that the word "cognizant" or "cognizance" only "implies" direct knowledge, the court relied on Webster's Seventh New Collegiate Dictionary (1971). While we do not disagree with the holding of this court in *Metroplex Factor's, Inc.* we think by other and later definitions of the word "cognizance" or "cognizant", particularly in view of the trial court's discretionary ruling, that the affidavit containing the words "fully cognizant" in this case did mean personal knowledge, compels

a different ruling. In Webster's New 20th Century Dictionary, Unabridged, Second Edition (1978) "cognizance" is defined as (1) the fact of being aware; perception; knowledge; (2) notice; heed; (3) the range of knowledge possible through observation; (4) . . . (5) in law, (a) the hearing of a case in court; (b) jurisdiction, the right or power of dealing with a matter judicially. In Webster's Third New International Dictionary Unabridged (1964), the word "cognizable" is defined as (1) capable of being known; (2) competent as a subject of judicial investigation; capable of being judicially heard and determined.

In The Oxford English Dictionary (1971), "cognizance" is defined as (1) knowledge, understanding, acquaintance; (2) knowledge as attained by observation or information; state of being aware of anything; perception, notice, observation.

In 14 Corpus Juris Secundum 1310 we find this language: "It has been said that while in ordinary parlance, to 'have cognizance of' means to have knowledge of, the legal meaning of the word 'cognizance' is broader than its ordinary meaning; it not only implies knowledge of the subject matter, but also the power to deal with it. In its broader sense, the word has been defined as meaning judicial knowledge, or jurisdiction; the right to take notice of and determine a cause . . ."

In the sworn application for writ of garnishment in this case the affiant used the term "fully cognizant" which adds some emphasis to the holding that in this case, as the trial judge agreed, "cognizant" meant that the affiant had personal knowledge of the facts. "Fully" has been defined in Webster's New 20th Century Dictionary, Unabridged, Second Edition (1978) as "(1) to the full; *completely; entirely; thoroughly.* (2) exactly. (3) abundantly; amply. (4) . . ."

We think the affidavit was positive and unequivocal and met the requirements of Rule 658 and that the trial court did not abuse its discretionary authority in so holding.

Moreover, if there is any defect in the respondent's affidavit, such defect was not fundamental or jurisdictional and the petitioner's right to object to any alleged defect has been waived. *Cockrum v. Calzona Corporation*, 373 S.W.2d 572 (Tex.Civ. App.—Dallas 1963, no writ). The petitioner was aware of the respondent's writ of garnishment at all times pertinent and could have objected to the respondent's affidavit in support of its application; instead, it chose to ignore the writ of garnishment, let the time for appeal expire, and to now complain, in this writ of error proceeding.

Another reason for affirmance of the trial court's judgment is that petitioner has paid off this garnishment judgment and taken an assignment of the respondent's judgment against the original debtor, Don Roberts. It is respondent's contention that this was done at petitioner's request and that since petitioner has paid off the judgment and taken the assignment of judgment from respondent, petitioner is estopped because it has received the benefit from the judgment it now attacks. Respondent also contends that petitioner, as assignee of the judgment, now stands in the position of both parties herein, the Respondent/Garnisher and the Petitioner/Garnishee, which makes this appeal moot. We agree with both of these positions. Although the matter of the assignment of the judgment to petitioner is not found in the record on appeal, a copy of the assignment and petitioner's attorney's request for same, is attached to Respondent's brief and at oral argument it was admitted and stipulated by both parties that the judgment against Roberts was paid by Petitioner and assigned to Petitioner.

The judgment is affirmed.