SHERRY LANE NATIONAL
BANK, Petitioner,

v.

BANK OF EVERGREEN, Respondent.

No. 05–86–00082–CV.

Court of Appeals of Texas,
Dallas.

July 28, 1986.
Rehearing Denied Aug. 29, 1986.

John F. Maxfield, Stigall & Maxfield, Waymon G. DuBose, Jr., Stigall & Maxfield, Dallas, for petitioner.

William A. Smith, Calhoun, Gump, Spillman & Stacy, J. Douglas Uloth, Calhoun, Gump, Spillman & Stacy, Dallas, for respondent.

Before WHITMAN, HOWELL and STEWART, JJ.

WHITHAM, Justice.

In an action for writ of garnishment, petitioner, Sherry Lane National Bank, appeals by petition for writ of error from a default judgment in favor of respondent, Bank of Evergreen. Sherry Lane concedes that it was served with citation but failed to file an answer. In two points of error, Sherry Lane complains that the affidavit accompanying Evergreen's application was defective and that the judgment debtor was not served with the required documents pursuant to TEX.R.CIV.P. 663a. We find no merit in either of Sherry Lane's contentions. Accordingly, we affirm the judgment of the trial court.

Section 63.001 of the Civil Practice and Remedies Code, which contains the grounds for obtaining a writ of garnishment, provides, in pertinent part, as follows:

A writ of garnishment is available if:

. . . .

(3) a plaintiff has a valid, subsisting judgment and *makes an affidavit* stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment.

TEX.CIV.PRAC. AND REM.CODE ANN. § 63.001 (Vernon 1986). (Emphasis added). Subsection 3 of section 63.001 requires a plaintiff to make an affidavit stating that, within the plaintiff's knowledge, the defendant debtor does not possess property in Texas subject to execution sufficient to satisfy the judgment. In addition, rule 658 of the Texas Rules of Civil Procedure requires that an application for a writ of garnishment "shall be supported by affidavits of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts. The application shall comply with all statutory requirements. . . . The application and any affidavits shall be made on personal knowledge. . . ."

Section 312.011 of the Government Code defines "affidavit" as follows:

(1) "Affidavit" means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.

TEX.GOV'T CODE ANN. § 312.011(1) (Vernon Supp.1986).

The following instrument was attached to Evergreen's application for writ of garnishment:

STATE OF TEXAS §

COUNTY OF DALLAS §

AFFIDAVIT OF WILLIAM A. SMITH

BEFORE ME, the undersigned authority, personally appeared William A. Smith, who on oath states as follows:

"My name is William A. Smith. I am over the age of 18 and competent to make this affidavit. I am an attorney, duly licensed in the State of Texas and represent the Plaintiff, Bank of Evergreen in a proceeding involving enforcement of a foreign judgment in Cause No. 85–10085–E, filed in the 101st District Court of Dallas County, Texas."

On January 14, 1985, Plaintiff obtained a judgment in Jefferson County, Colorado in the sum of Sixty-three Thousand, Six Hundred Seventy-six and 83/100 Dollars ($63,676.83), against Andrew H. Bardes and such judgment is final and unappealable. On July 19, 1985, the undersigned filed Notice Of Filing Of Foreign Judgment, which notice was directed to Mr. Bardes at his residence address: 5525 Vista Meadows Drive, Dallas, Texas 75248, pursuant to the provisions of the Uniform Enforcement of Foreign Judgments Act.

This judgment has not been satisfied, and remains due and unpaid.

Further Affiant sayeth not.

/s/ William A. Smith
William A. Smith

SUBSCRIBED & SWORN TO before me by the said William A. Smith on the [Blank] day of [Blank], 1985, to certify which witness my hand & seal of office.

[Blank]
Notary Public
State of Texas

My commission expires: [Blank]

We conclude that this document is not an "affidavit" as defined in Government Code, section 312.011 and as used in Civil Practice and Remedies, Code, section 63.001 and TEX.R.CIV.P. 658. We reach this conclusion because the document fails to show that the facts recited therein were sworn to before an officer authorized to administer oaths and officially certified to by the officer under his seal of office. Moreover, the document is defective as an affidavit of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts as required by TEX.R.CIV.P. 658. The document states that:

> My name is William A. Smith. I am over the age of 18 and competent to make this affidavit. I am an attorney, duly licensed in the State of Texas and represent the Plaintiff, Bank of Evergreen in a proceeding involving enforcement of a foreign judgment in Cause No. 85–10085–E, filed in the 101st District Court of Dallas County, Texas.

A statement in the document describing William A. Smith as Evergreen's attorney would be sufficient if the document were, indeed, an affidavit. *See Willis v. Lyman, Sears & Co.,* 22 Tex. 268, 269 (1858). The document, however, for the above-stated reason fails as an affidavit. Therefore, the document is defective as an affidavit in support of the application for writ of garnishment as required by rule 658. *See Interstate Amusement Co. v. Fred Fisher, Inc.,* 263 S.W. 644, 645 (Tex.Civ.App.— Beaumont 1924, no writ). We conclude further that, even if this document were an

"affidavit," the "affidavit" fails to meet the requirements of Civil Practice and Remedies Code, section 63.001. We reach this conclusion because the document does not state that, within Evergreen's knowledge, defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment. Thus, as asserted by Sherry Lane under its first point, we are confronted with these three defects pertaining to the purported affidavit accompanying Evergreen's application for writ of garnishment: first, no oath; second, no proper showing of Smith's authority; and third, a failure to state that the judgment debtor does not possess property in Texas subject to execution sufficient to satisfy the judgment. In disposing of Sherry Lane's first point, we treat all three defects as not fundamental or jurisdictional for the reasons that follow. Furthermore, in disposing of Sherry Lane's first point, we treat the document asserted to be an affidavit as a defective affidavit whose defects have been waived by Sherry Lane for the reasons that follow.

Thus, we consider the effect of the document asserted to be an affidavit. In *Gottesman v. Toubin,* 353 S.W.2d 294 (Tex.Civ.App.—Houston 1962, no writ), the court described the garnishor's affidavit as follows:

> We have carefully examined the affidavit and have concluded that it is insufficient and that for such reason the garnishment proceedings were subject to being quashed upon motion by the garnishee. It is clear that the affidavit failed to negate under oath that neither of the judgment debtors had property in the state subject to execution.

*Gottesman,* 353 S.W.2d at 296. Thus, in *Gottesman,* we find a defect in the affidavit similar to one of the defects in the present case, i.e., a failure to state that the judgment debtor does not possess property in Texas subject to execution. In *Gottesman,* however, the court concluded that this defect in the affidavit was not fundamental or jurisdictional, but was one that could be waived. *Gottesman,* 353 S.W.2d

at 299. The court in *Gottesman* reasoned that, since the defect in that affidavit was not fundamental or jurisdictional, the defect did not render the garnishment proceedings void. *Gottesman*, 353 S.W.2d at 299. But in *Gottesman*, the garnishee had appeared and answered. Thus, in the present case, we reach the question of whether a garnishee who fails to appear and answer, but defaults, may be held to have waived a similar defect. Evergreen insists that Sherry Lane has waived the defect by default. We agree. In *Hudler-Tye Construction, Inc. v. Pettijohn and Pettijohn Plumbing, Inc.*, 632 S.W.2d 219 (Tex.App.—Fort Worth 1982, no writ), the garnishee defaulted and appealed by petition for writ of error. Although the court determined that the garnishment affidavit was not defective, *Hudler-Tye*, 632 S.W.2d at 222, the court went on to say by dicta:

> Moreover, if there is any defect in the respondent's affidavit, such defect was not fundamental or jurisdictional and the petitioner's right to object to any alleged defect has been waived. The petitioner was aware of the respondent's writ of garnishment at all times pertinent and could have objected to the respondent's affidavit in support of its application; instead, it chose to ignore the writ of garnishment, let the time for appeal expire, and to now complain, in this writ of error proceeding.

*Hudler-Tye*, 632 S.W.2d at 223. In *Mansfield State Bank v. Fonville*, 496 S.W.2d 945 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.), the garnishee defaulted. In *Fonville*, the court treated the alleged defect in garnishor's bond as not fundamental or jurisdictional, but as one which may be waived. *Fonville*, 496 S.W.2d at 948. The court in *Fonville* then proceeded to hold that "[a]ny claimed defects in the application, affidavit, writ or bond have been waived." *Fonville*, 496 S.W.2d at 948. In affirming the judgment of the trial court, the court in *Fonville* reasoned that a defaulting garnishee is required to take reasonable steps to protect itself. Failing to do so, it must suffer the consequences. In the absence of such a rule no default judgment would ever become final. *Fonville*, 496 S.W.2d at 949. The court in *Fonville* was influenced, as are we, by an observation made almost a century ago by our Supreme Court that a negligent garnishee is no more entitled to protection than any other negligent party, and he is as much bound to look after the proceedings against him, and protect himself from an improper judgment, as a defendant in an ordinary suit is. If, by his failure in this respect, the plaintiff gain an advantage over him, he is without relief. *Burke v. Hance*, 76 Tex. 76, 79, 13 S.W. 163, 164 (1890). We conclude that, in the present case, Sherry Lane could have protected itself against each of the three defects if it had looked after the matter. Thus, if by Sherry Lane's failure Evergreen gained an advantage over Sherry Lane, Sherry Lane is without relief. Therefore, we conclude that all of the defects in Evergreen's affidavit of which Sherry Lane complains are not fundamental or jurisdictional and that Sherry Lane's asserted defects in Evergreen's affidavit have been waived. Thus, we conclude further that the trial court did not err in rendering a default judgment because Evergreen's application for garnishment was defective. We overrule Sherry Lane's first point of error.

In its second point of error, Sherry Lane contends that the trial court erred in rendering judgment because the record does not show that the judgment debtor, Bardes, was served with a copy of the writ of garnishment and the application and accompanying affidavits as required by TEX.R.CIV.P. 663a. It is true that the record before us contains no return showing service upon Bardes of a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as provided in rule 663a.

Although under TEX.R.CIV.P. 659, 663a and 664 a judgment debtor is entitled to notice of the garnishment proceedings for the purpose of allowing the judgment

debtor an opportunity to exercise his right of replevy, the judgment debtor is not a party to the garnishment proceedings between the judgment creditor and the garnishee. *Canyon Lake Bank v. Townsend*, 649 S.W.2d 809, 810–11 (Tex.App.—Austin 1983, writ ref'd n.r.e.). Therefore, the legal right to service of a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court afforded the judgment debtor by rule 663a is a primary legal right of the judgment debtor. It is a fundamental rule of law that only the person whose primary legal right has been breached may seek redress for an injury. *Nobles v. Marcus*, 533 S.W.2d 923, 927 (Tex.1976). Without breach of a legal right belonging to the plaintiff no cause of action can accrue to his benefit. *Nobles*, 533 S.W.2d at 927. One who has not suffered an invasion of a legal right does not have standing to bring suit. *See Nobles*, 533 S.W.2d at 927.

■ By analogy, we conclude that on appeal only the person whose primary legal right has been breached may complain. We conclude further that Sherry Lane has not suffered an invasion of a legal right because the judgment debtor was not served with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court pursuant to rule 663a. Since Sherry Lane has not suffered the invasion of a legal right, we conclude further, therefore, that Sherry Lane does not have standing to complain in this appeal that the record fails to show that Bardes was served with a copy of the writ of garnishment, the application and accompanying affidavits as required by rule 663a. *See Nobles*, 533 S.W.2d at 927. Hence, we conclude further that the trial court did not err in rendering judgment because the judgment debtor was not served with certain documents as required by rule 663a. We overrule Sherry Lane's second point of error.

We affirm the judgment of the trial court.