**EL PERIODICO, INC., Petitioner,**

v.

**PARKS OIL COMPANY, Respondent.**

No. 95–0694.

Supreme Court of Texas.

Feb. 9, 1996.

Rehearing Overruled April 12, 1996.

---

Arturo Cantu, Robert D. Ralston, McAllen, for Petitioner.

Geoffrey C. Price, Austin, for Respondent.

PER CURIAM.

The issue in this case is whether the respondent garnishor was entitled to summary judgment. The court of appeals held that it was. ── S.W.2d ──[, 1996 WL 209927]. We disagree.

Parks Oil Company obtained a judgment against Tom Wittmer in the 250th District Court in Travis County, and then applied for writ of garnishment directed to El Periodico, Incorporated, a Texas corporation doing business in Hidalgo County. The application, signed and sworn to by Parks Oil's attorney, states in its entirety:

1. Parties. Plaintiff in Garnishment is Parks Oil Company. Garnishee is El Periodico, Inc. and may be served by serving its Registered Agent, Miguel Leterlier, at 4200 N. Bicentennial Dr., McAllen, Texas, which is within the county of Garnishee's residence.

2. Affidavit for Garnishment. In Cause No. 92–11283 on the docket of this Court, styled Parks Oil Company vs. Tom Wittmer, the Plaintiff obtained a money judgment against Defendant, Tom Wittmer, in the judgment principal amount of $77,893.89, plus interest according to law, attorney's fees, and costs of suit. Said judgment is final, valid, subsisting and remains unsatisfied. Defendant has not, within affiant's personal knowledge, property in Defendant's possession within this State subject to execution sufficient to satisfy such judgment. The garnishment applied for is not sued out to injure either the Defendant or the Garnishee. Affiant, who is attorney of record for Plaintiff and authorized to make this affidavit, has reason to believe, and does believe, that the said Garnishee is indebted to the Judgment Defendant or has effects belonging to the Judgment Defendant.

3. Request for Writ. Plaintiff asks that a Writ of Garnishment issue and be served upon the said Garnishee.

A writ of garnishment issued and was served on El Periodico. El Periodico timely filed an answer, generally denying Parks Oil's allegations, and specifically stating that it owed Wittmer only about $750 in sales commissions. El Periodico's answer was not made under oath, as required by TEX.R.CIV.P. 665.

Parks Oil moved for summary judgment on the sole ground that El Periodico's answer was not verified. Parks Oil offered no evidence whatever in support of its motion. El Periodico did not respond to the motion or appear at the hearing. The trial court, reciting that it had taken judicial notice of the judgment and all papers in Cause No. 92–11283, granted the motion and rendered judgment against El Periodico "in the judgment principal sum of $198,979.43, which is the amount still due and unpaid on that judgment". El Periodico appealed by writ of error. The court of appeals affirmed. ── S.W.2d ──.

We agree with the court of appeals that El Periodico met all the requirements of TEX.R.APP.P. 45 and was therefore entitled to appeal by writ of error.

We do not agree, however, that Parks Oil was entitled to summary judgment. The $77,893.89 judgment in Cause No. 92–11283 is not in the record, and there is no indication how the figure of $198,979.43 in the judgment against El Periodico was calculated. Assuming that the trial court properly took judicial notice of the judgment in Cause No. 92–11283, there is still nothing in the record to support the amount of the judgment in this case. Even if it were permissible to consider Parks Oil's sworn application for garnishment, a matter on which we intimate no view, it provides no support for the calculation of the judgment in this case.

The court of appeals reasoned that default judgment could have been rendered against El Periodico based on the sworn

application, as in a suit on a sworn account. Assuming that a suit for garnishment can be analogized to a suit on a sworn account—and there are reasons why it cannot and should not be—an application for garnishment that does not comply with the requirements of the rules of procedure cannot serve as a basis for default judgment or summary judgment. *See Beggs v. Fite,* 106 S.W.2d 1039, 1042 (Tex.1937). Parks Oil's application did not meet the requirements of TEX.R.CIV.P. 658, which states in pertinent part:

> The application ... shall state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court.... The application and any affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence; provided that facts may be stated based upon information and belief if the grounds of such belief are specifically stated.

The allegation of El Periodico's indebtedness to Wittmer is made on belief of counsel, and the grounds of such belief are not specifically stated.

Accordingly, El Periodico's application for writ of error is granted, and without hearing argument, a majority of the Court reverses the judgment of the court of appeals and remands the case to the trial court for further proceedings. TEX.R.APP.P. 170.