

# NUMBER 13-12-00451-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**KARL F. HECKENDORN,**                                                      **Appellant,**

**v.**

**FIRST MORTGAGE COMPANY, LLC,**                                      **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Denton County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Rodriguez

This is a forcible detainer case.[1]   Appellant Karl F. Heckendorn appeals from a

judgment of possession entered in favor of appellee First Mortgage Company, LLC.   By

---

[1] This case is before the Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

three issues, Heckendorn contends the trial court erred in granting judgment for First Mortgage because: (1) First Mortgage's live pleading was not valid; (2) there was no evidence that Heckendorn continued to occupy the property after demand was made to vacate; and (3) the evidence was insufficient to support a claim of superior right of possession. We affirm.

## I. BACKGROUND

On January 3, 2012, First Mortgage purchased the property located at 5408 Sun Meadow Drive, Flower Mound, Texas 75022 at a substitute trustee's sale. First Mortgage sent a notice of eviction to Heckendorn explaining that it had purchased the property at a foreclosure sale and that, pursuant to the deed of trust, Heckendorn, who had been the owner in possession of the property, was now a tenant-at-sufferance. *See* TEX. PROP. CODE ANN. § 24.002 (West 2000); *id.* § 24.005 (West Supp. 2011). Pursuant to section 24.005 of the property code, First Mortgage made a demand that Heckendorn vacate the premises, along with his personal property, within three days from the delivery date of the eviction notice. *See id.* § 24.005.

On March 29, 2012, First Mortgage filed its petition for forcible detainer in the Justice Court, Precinct 4, of Denton County, Texas, seeking immediate possession of the property. *See Mekeel v. U.S. Bank N.A.*, 355 S.W.3d 349, 352 (Tex. App.—El Paso 2011, pet. dism'd w.o.j.) ("A forcible detainer action is designed to determine the right to immediate possession of real property where there is no claim of unlawful entry."); *Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.) (same). Heckendorn answered, challenging First Mortgage's right to immediate possession of the property. He alleged, among other things, that "any

Trustee's Sale was defective," and "[a]ny Trustee's Sale of the property is void as a matter of law." Following a bench trial, at which Heckendorn did not appear, the justice court entered a post-answer default judgment for possession in favor of First Mortgage and ordered Heckendorn to surrender possession of the property. Heckendorn appealed to the County Court at Law No. 2 of Denton County, Texas. The county court heard the case de novo and again entered judgment in favor of First Mortgage. Heckendorn did not appear at the county court hearing. Heckendorn appeals the judgment of the county court.

## II. PLEADING DEFECT CHALLENGE

By his first issue, Heckendorn contends that the trial court erred in hearing the case because First Mortgage's unsworn petition does not support a judgment for possession. *See* TEX. R. CIV. P. 739 (providing that a forcible detainer action is initiated by filing a "written sworn complaint" with a justice of the peace). Conceding that he did not raise this issue in the trial court, Heckendorn argues that this defect is jurisdictional and may be raised at any time.

Our sister courts have addressed this issue, holding that a defective verification does not deprive the county court of jurisdiction to hear a forcible detainer action and that defects in the verification of the petition for forcible detainer are waived if not challenged in the trial court. *See, e.g., Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) ("[T]he defective verification did not deprive the county court of jurisdiction to hear the forcible detainer action. Therefore, to the extent appellant is raising a jurisdictional challenge, the argument is overruled.") (citing *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 Tex. App. LEXIS 2045, at *6–7 (Tex.

3

App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (determining that defects in the verification of the petition for forcible detainer are waived if not challenged in the trial court)); *see also Sherry Lane Nat'l Bank v. Bank of Evergreen*, 715 S.W.2d 148, 149, 151 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (finding that the failure to properly verify a petition for garnishment could not be challenged in the appeal of a post-answer default judgment because the defect was waived upon appeal); *Mekeel*, 355 S.W.3d at 353 (stating that "objections to pleadings—including objections to an affidavit based on the affiant's knowledge, information, and belief, when objectionable in form—must be raised prior to trial"); *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 Tex. App. LEXIS 9393, at *5 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.) ("Accordingly, assuming that the verification was defective, we hold that, to the extent Fleming raises a jurisdictional challenge to the trial court's judgment in favor of Fannie Mae, such a challenge is without merit.").

We agree with the reasoning and conclusions reached by these courts, including *Fleming*, a memorandum opinion out of the transfer court in this case,[2] and conclude that Heckendorn waived his unsworn-petition jurisdictional challenge to the trial court's judgment in favor of First Mortgage. *See Shutter*, 318 S.W.3d at 469 (citing *Reagan*, 2009 Tex. App. LEXIS 2045, at *6–7); *see also Sherry Lane Nat'l Bank*, 715 S.W.2d at 149, 151; *Mekeel*, 355 S.W.3d at 353; *Fleming*, 2010 Tex. App. LEXIS 9393, at *5. We overrule Heckendorn's first issue.

---

[2] Given that the case originated in the Second Court of Appeals, we are bound by the rules of appellate procedure to apply the precedent of the Second Court of Appeals in this appeal. *See* TEX. R. APP. P. 41.3.

### III. EVIDENTIARY CHALLENGES

By his remaining issues, Heckendorn challenges the sufficiency of the evidence to establish that he refused to vacate the premises and that First Mortgage had a superior right to possession.

### A. Standard of Review and Applicable Law

"A post-answer 'default' constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). To obtain a post-answer default judgment, a plaintiff must offer evidence to prove all aspects of his case. *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994) (per curiam) (citing *Stoner*, 578 S.W.2d at 682) ("Judgment cannot be entered on the pleadings, but the plaintiff in such a case must offer evidence and prove his case as in a judgment upon a trial.")). So a legal sufficiency challenge to the evidence supporting a post-answer default judgment can be brought on appeal. *Norman Commc'n v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

"The test for legal sufficiency is 'whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review.' In our review of the evidence, we 'credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.'" *Armstrong v. Benavides*, 180 S.W.3d 359, 362 (Tex. App.—Dallas 2005, no pet.) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). "If there is more than a scintilla of evidence to support the verdict, we uphold the judgment. Evidence is no more than a scintilla when it is 'so weak as to do no more than create a mere surmise or suspicion of the fact's existence.'" *Id.*

(internal citations omitted).

"In an action of forcible detainer, the only issue shall be as to the right to actual possession, and the merits of the title shall not be adjudicated." *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.) (citing TEX. R. CIV. P. 746); *see Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). "'To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.'" *Id.* (quoting *Rice*, 51 S.W.3d at 709). By statute, a claim for forcible detainer requires the plaintiff to prove that it gave proper notice to the tenant at will or by sufferance and that the tenant refused to vacate the premises. TEX. PROP. CODE ANN. § 24.002; *id.* § 24.005.

## B. Refusal to Vacate Property

By his second issue, Heckendorn complains that there was no evidence or stipulation establishing that he refused to vacate the premises. *See id.* § 24.005. Heckendorn asserts that there was no proof that he disregarded any demand to vacate and that he continued to occupy the property.

We note, however, that Heckendorn appeared in the justice court after being served with notice to vacate and denied First Mortgage's right to possession of the property. In his pro se answer and motion to dismiss, Heckendorn listed his address as 5408 Sun Meadow Dr., Flower Mound, Texas 65022. In his affidavit for the postponement of trial, Heckendorn avowed that he was the named defendant and resided with his family at that address. The clerk's record also includes Heckendorn's appeal of the justice court's decision to the county court, in which he contests First Mortgage's right

6

to possess the property. And after the county court determined that First Mortgage was entitled to possession of the property, Heckendorn appealed that judgment to this Court. He also sought to supersede the trial court's judgment and prevent eviction by transferring the appeal bond that he had filed in the justice court and applying it as a supersedeas bond in this Court. In his motion to transfer the bond, Heckendorn stated the following: "This case in [sic] on appeal[,] and to remove the Defendant from the premises pending the appeal would be contrary to Texas Law."

Applying the reasoning of the Austin Court in *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 Tex. App. LEXIS 171, at *18–19 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.), we conclude that Heckendorn has tacitly conceded that he refused to vacate the premises upon receiving his notice of eviction and has remained in possession of the property. We reach our conclusion on facts we cannot ignore. Heckendorn identified the Sun Meadow property either as his mailing address or as his residence in numerous documents that he filed in this case. And in an attempt to supersede lower court judgments awarding First Mortgage possession, Heckendorn continued to prosecute appeals, arguing that "to remove the Defendant from the premises pending the appeal would be contrary to Texas Law." We overrule Heckendorn's second issue.

## C. Superior Right of Possession

By his third issue, Heckendorn generally contends that "[n]o evidence appears in the record that a substitute trustee's deed or a properly certified or otherwise-authenticated copy of a substitute trustee's deed was placed into evidence. Therefore, there was no sufficient evidentiary basis for the trial court's judgment." We construe this as a challenge to the legal sufficiency of the evidence to support a

determination that First Mortgage had a superior right to immediate possession of the property.  *See* Tᴇx. R. Cɪv. P. 746; *see Freeney*, 266 S.W.3d at 625 (citing *Rice*, 51 S.W.3d at 709).

The reporter's record does not appear in the appellate record.  Because there is no reporter's record, we must presume the missing record would support the trial court's decision.  *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("'The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment.'") (quoting *Gallagher v. Fire Insurance Exchange*, 950 S.W.2d 370, 370–71 (Tex. 1997)); *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a statement of facts."); *see also Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 Tex. App. LEXIS 2447, at *7–9 (Tex. App.—Houston [1st Dist.] May 29, 2012, no pet.) (mem. op.) (concluding, in a *Craddock* review of a default judgment, that because "Onwubuche did not file a reporter's record as part of his record on appeal," the court "must presume that the reporter's record contains evidence to support the trial court's rulings on all issues of fact") (citing *Smith v. I-30 Bus. Park, Ltd.*, 2010 Tex. App. LEXIS 9472, at *18 (Tex. App.—Texarkana Dec. 1, 2010, no pet.) (mem. op.) (noting, in an appeal from a default eviction and rent judgment in county court, that the appellate court must presume that a missing reporter's record would contain evidence to support the trial court's rulings); *In re C.K.C.*, No. 12-10-00366-CV, 2011 Tex. App. LEXIS 10201, at *3 (Tex. App.—Tyler Dec. 30, 2011, no pet.) (mem. op.) ("When no reporter's record is filed, we must presume the missing evidence supports the trial court's ruling."); *Brazle v.*

*Meadows on the Mews Owners Ass'n*, No. 14-10-01016-CV, 2011 Tex. App. LEXIS 9618, at *3 (Tex. App.—Houston [14th Dist.] Dec. 8, 2011, no pet.) (per curiam) (mem. op.) ("Appellant failed to file a reporter's record from the trial de novo in the county court. Unless an appellant arranges for the filing of a complete reporter's record . . . , we must presume that the proceedings support the trial court's judgment.")).

So in the absence of a reporter's record in this case, we must presume that the evidence supports the trial court's ruling. Doing so, we conclude that there is more than a scintilla of evidence to show that the substitute trustee conveyed the property by deed to First Mortgage after the foreclosure sale and that First Mortgage had a superior right to possession of the property. *See* TEX. R. CIV. P. 746; see *Freeney*, 266 S.W.3d at 625 (citing *Rice*, 51 S.W.3d at 709); *Armstrong*, 180 S.W.3d at 362 (quoting *City of Keller*, 168 S.W.3d at 827). We overrule Heckendorn's third issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.[3]

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
29th day of July, 2013.

---

[3] On July 10, 2013, Heckendorn filed an emergency motion to dissolve a writ of possession and to determine the amount of a bond, deposit, or security. That same day, we stayed the writ, pending further order of the Court, and carried the remainder of his motion with the case. On July 15, 2013, First Mortgage filed a response to Heckendorn's motion. It also filed an expedited motion to dissolve the July 10 stay.

Having affirmed the trial court's judgment, we grant First Mortgage's expedited motion and lift our stay of the writ of possession issued to the Constable of Precinct Four, Denton County, Texas. We also deny the portion of Heckendorn's July 10 motion that we carried with the case—specifically his request that we conduct a hearing and determine the amount of bond, deposit, or security. That matter is now moot.