

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00321-CV

**ALMANZA BUSINESS GROUP, LLC**,
Appellant

v.

**CBI LOGISTIC SERVICES L.L.C.**,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2013-CVF-001798 D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: May 15, 2019

AFFIRMED

Almanza Business Group, LLC ("Almanza") appeals a pre-judgment writ of garnishment claiming the writ is void because the application for the writ did not comply with the Texas Rules of Civil Procedure. Specifically, Almanza contends the affidavit supporting the application failed to state specific facts as to the basis for the affiant's belief that Almanza was indebted to appellee CBI Logistic Services L.L.C. ("CBI"). We affirm the trial court's judgment.

## BACKGROUND

This appeal arises out of an underlying suit for breach of a settlement agreement. CBI filed an amended petition that sought a pre-judgment writ of garnishment against Almanza and two other financial institutions. Because Almanza did not file an answer, the trial court entered a default judgment against Almanza, as garnishee, on the issue of liability which was later incorporated into a final judgment. Almanza argues, for the first time on appeal, the writ of garnishment is void because the application for the writ did not comply with the Texas Rules of Civil Procedure. Specifically, Almanza claims "the affidavit in support, made on the belief of counsel, failed to state the specific grounds of counsel's belief [that] Appellant-garnishee Almanza Business Group was indebted to the Defendants, as required by Rule 658" of the Texas Rules of Civil Procedure.

## APPLICABLE LAW

"A writ of garnishment is available if a plaintiff sues for a debt and makes an affidavit stating (1) the debt is just, due, and unpaid; (2) within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the debt; and (3) the garnishment is not sought to injure the defendant or the garnishee." *In re ATW Investments, Inc.*, No. 04-17-00045-CV, 2017 WL 1066803, at *2 (Tex. App.—San Antonio Mar. 22, 2017, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 63.001). Under Rule 658 of the Texas Rules of Civil Procedure, "an application (1) must be supported by affidavits of the plaintiff, its agent, its attorney, or other person having knowledge of relevant facts, (2) must comply with all statutory requirements, and (3) must state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court." *AutOOpt Networks, Inc. v. Nokia Networks, Inc.*, 3:14-CV-4565-D, 2015 WL 477330, at *1 (N.D. Tex. Feb. 5, 2015). The facts relied upon by the plaintiff "may be . . . based upon information and belief if the grounds of such

belief are specifically stated." TEX. R. CIV. P. 658. "Because it may impound the money or property of an alleged debtor even before a judgment is obtained against him, the remedy of garnishment is summary and harsh." *In re ATW Investments, Inc.*, 2017 WL 1066803, at *2 (citing *Beggs v. Fite*, 106 S.W.2d 1039, 1042 (Tex. 1937)). "Therefore, a garnishment order must strictly conform with statutory requirements." *Id.* However, "not all defects in a garnishment proceeding will render the garnishment judgment void. Defects that can be waived do not invalidate a garnishment proceeding." *Zeecon Wireless Internet, LLC v. Am. Bank of Tex., N.A.*, 305 S.W.3d 813, 820 (Tex. App.—Austin 2010, no pet.). Defects in an affidavit that are not fundamental or jurisdictional can be waived when they are not addressed in the trial court. *Sherry Lane Nat. Bank v. Bank of Evergreen*, 715 S.W.2d 148, 150–51 (Tex. App.—Dallas 1986, writ ref'd n.r.e.).

### DISCUSSION

Almanza claims the affidavit is defective because CBI did not state the specific facts that support its belief that the defendants are indebted to Almanza. However, Rule 658 no longer requires the plaintiff to state reasons for the affiant's belief that the garnishee is indebted to the defendant. *Compare* TEX. R. CIV. P. 658 ("The application and any affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence; provided that facts may be stated based upon information and belief if the grounds of such belief are specifically stated."), *with* TEX. R. CIV. P. 658, 11 Tex. B.J. 7, 113–14 (1948, amended 1978) ("Before the issuance of the writ of garnishment, the plaintiff shall make application therefor, signed by him, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his hands effects belonging to the defendant."). The current Rule 658 only requires the plaintiff to state specific facts to support its belief that: (1) the debt is just, due, and unpaid; (2) within the plaintiff's knowledge, the defendant does not possess property in Texas

subject to execution sufficient to satisfy the debt; and (3) the garnishment is not sought to injure the defendant or the garnishee. TEX. R. CIV. P. 658; TEX. CIV. PRAC. & REM. CODE ANN. § 63.001. Section 63.001 of the Civil Practice and Remedies Code states *what* the plaintiff must show to the court in order to obtain a pre-judgment writ, and Rule 658 guides the plaintiff in *how* it can show the statutory requirements of section 63.001 based on a belief. CBI's affidavit supporting the writ of garnishment is not defective for failing to state facts articulating why CBI believes Almanza is indebted to the defendants because neither section 63.001 nor Rule 658 requires CBI to state such facts. *Swiderski v. Victoria Bank & Tr. Co.*, 706 S.W.2d 676, 679 (Tex. 1986) ("Not even the stringent prejudgment garnishment proceedings require the garnishor to prove the garnishee's indebtedness to the defendant . . . .").

Even if the affidavit was defective, Almanza waived the error by failing to bring the error to the attention of the trial court. In *Sherry Lane National Bank*, our sister court analyzed whether any of the three defects in an affidavit accompanying the garnishor's application for writ of garnishment were fundamental or jurisdictional and, thus, rendered the writ of garnishment void. *Sherry Lane Nat. Bank*, 715 S.W.2d at 150. The Dallas Court of Appeals determined the purported affidavit was (1) not verified, (2) not a proper showing of the drafter's authority, and (3) failed to state the judgment debtor does not possess property in Texas subject to execution that was sufficient to satisfy the judgment. *Id.* Although the affidavit excluded information required by statute, and was therefore defective, the court held that the defects were not fundamental or jurisdictional and were waived by default. *Id.* at 150–51. The court concluded that "Sherry Lane could have protected itself against each of the three defects if it had looked after the matter" and "the trial court did not err in rendering a default judgment [even though the garnishor's application] for garnishment was defective." *Id.* at 151.

The Houston Court of Appeals also addressed this issue in *Gottesman v. Toubin*, 353 S.W.2d 294 (Tex. App.—Houston 1962, no writ). In *Gottesman*, the court determined that the affidavit accompanying a writ of garnishment was defective because it failed "to state that neither of the two defendants ha[d] any property to the knowledge of the garnishor in the State of Texas [that was] subject to execution [and] sufficient to satisfy such judgment." *Gottesman*, 353 S.W.2d at 295–96. The court held:

> It is our view that appellee waived the insufficiency of the affidavit by failing to file a motion to quash the proceedings and by proceeding to trial without calling to the attention of the court the matter of the defective affidavit and obtaining a ruling thereon.
> We think the defect in this affidavit is not fundamental or jurisdictional, but is one that may be waived. It does not render the garnishment proceeding void.

*Id.* at 299.

To support its argument in its brief, Almanza relies solely on *El Periodico, Inc. v. Parks Oil Co.*, 917 S.W.2d 777 (Tex. 1996). However, *El Periodico* is distinguishable from the instant case. In *El Periodico*, the garnishee timely filed an answer denying the garnishor's allegations and specifically stated that it only owed the defendant $750. *El Periodico, Inc.*, 917 S.W.2d at 778. After the garnishee answered, the garnishor "moved for summary judgment on the sole ground that [the garnishee's] answer was not verified." *Id.* The trial court granted the motion and rendered judgment against the garnishee for the sum of $198,979.43. *Id.* The Supreme Court of Texas held the application for garnishment did not comply with the rules of procedure because there was nothing in the record or in the application and affidavit to indicate "how the figure of $198,979.43 in the judgment against the [garnishee] was calculated." *Id.* at 778–79. We have also held that a pre-judgment writ of garnishment should not issue when the claims are for an uncertain amount of damages. *See In re ATW Investments, Inc.*, 2017 WL1066803 at *2 (holding the law does not authorize a prejudgment writ of garnishment when the damages are unliquidated or uncertain). In

*ATW Investments*, however, the garnishee filed a timely motion to dissolve the writ of garnishment and did not waive its right to complain about the sufficiency of the application and affidavit for writ of garnishment.

The facts in this case are more like those in *Sherry Lane* and *Gottesman* than *El Periodico* and *ATW Investments*. Here, Almanza did not file an answer and failed to respond or contest the writ of garnishment. Also, CBI supported its application with evidence showing the amount of damages and how those damages were calculated. Therefore, even if the affidavit was defective, Almanza's remedy was to timely file a special exception complaining of the defect or a motion to quash the writ application. *Gottesman*, 353 S.W.2d at 299.

#### CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Justice