

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00266-CV

**TCOE, INC.**,
Appellant

v.

**SA QUAD VENTURES, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2018CV00153
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Rebeca C. Martinez, Justice
                Irene Rios, Justice
                Beth Watkins, Justice

Delivered and Filed: June 26, 2019

AFFIRMED

Appellant TCOE, Inc. appeals the county court's judgment awarding appellee SA Quad Ventures, LLC possession of certain leased premises. On appeal, TCOE contends the county court erred in: (1) denying its plea to the jurisdiction and failing to dismiss SA Quad's suit; and (2) granting judgment and a writ of possession in favor of SA Quad. We affirm the county court's judgment.

## BACKGROUND

SA Quad leased commercial premises to TCOE.  Subsequently, SA Quad sent nine notices of default to TCOE for alleged material breaches of the lease.  The final notice included a notice to vacate.  When TCOE refused to vacate, SA Quad filed a forcible detainer action in justice court. SA Quad's verified original petition did not contain a description of the facts and grounds for eviction as required by Rule 510.3 of the Texas Rules of Civil Procedure.  *See* TEX. R. CIV. P. 510.3(a)(2).  SA Quad filed its first amended petition a week later, but unlike the original petition, it was not verified.  *See id.* R. 510.3(a).  The justice court rendered judgment in favor of SA Quad, awarding it possession of the premises.  TCOE appealed to the county court at law and moved to dismiss the matter for want of subject matter jurisdiction.  The county court denied TCOE's motion, found TCOE forcibly detained the leased premises, and awarded SA Quad possession of the premises, attorney's fees, costs, and interest.  TCOE appealed.

## ANALYSIS

TCOE first contends the county court erred in denying its plea to the jurisdiction and failing to dismiss SA Quad's suit.  According to TCOE, SA Quad's failure to file a verified petition in the justice court divested that court—and the county court—of subject matter jurisdiction.  TCOE next asserts the lower courts erred in granting SA Quad a writ of possession because SA Quad failed to prove it had a superior right to possession or that TCOE was in default at the time of the notice to vacate.  We address these arguments in turn.

### *Subject Matter Jurisdiction*

We review de novo a challenge to a lower court's subject matter jurisdiction.  *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018).  Review is de novo because the existence

of subject matter jurisdiction is a question of law. *Harris Cty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018).

Rule 510.3(a) provides that petitions in eviction cases "must be sworn to by the plaintiff[.]" TEX. R. CIV. P. 510.3(a). TCOE argues the absence of a verified pleading violated Rule 510.3(a), divesting the justice court—and, by extension, the county court—of subject matter jurisdiction. *See id*. TCOE contends that because we must strictly construe "statutes" creating claims, verification of a petition is mandatory to confer jurisdiction. For support, TCOE points to cases involving the Texas Citizens Participation Act and cases concerning motions to reinstate after dismissals for want of prosecution. None of these cases, however, hold a court is deprived of subject matter jurisdiction if a plaintiff files an unverified petition, even where a statute requires verification.

In contrast, SA Quad cites several opinions in forcible detainer actions which support the conclusion that verification is not a jurisdictional requirement. We agree.

First, courts should be "reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect." *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009). This is because deeming a provision jurisdictional "opens the way to making judgments vulnerable to delayed attack." *Id*. Nothing in the plain language of Rule 510.3 demonstrates that the petition requirement is jurisdictional. *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391–92 (Tex. 2014) (reviewing statute's plain meaning to determine whether requirement is jurisdictional). Although the rule provides a petition must be sworn, "mandatory statutory duties are not necessarily jurisdictional." *Id.* at 391. Also, because the purpose of the rule is to maintain "a just, fair, equitable and impartial adjudication of the rights of the litigants . . . at the least expense," deeming the provision to be jurisdictional defeats the rule's purpose. TEX. R. CIV. P. 1;

*see Crosstex Energy*, 430 S.W.3d at 392 (considering purpose of statute when determining whether provision is jurisdictional).

Next, this court has recognized that a defective verification does not deprive a court of jurisdiction in a forcible detainer action. *Lenz v. Bank of America, N.A.*, 510 S.W.3d 667, 669 (Tex. App.—San Antonio 2016, pet. denied). Our sister courts have treated defective verifications as no verification at all and still maintained jurisdiction over those cases. *See, e.g., Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 446 (Tex. App.—Fort Worth 2015, no pet.); *Mekeel v. U.S. Bank Nat'l Ass'n*, 355 S.W.3d 349, 355 (Tex. App.—El Paso 2011, pet. denied); *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469–70 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *1–2 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.) (reasoning that even defective affidavit which left complaint "effectively unsworn" did not deprive trial court of jurisdiction). For this jurisdictional analysis, we are not persuaded that we should treat a petition verified by a defective affidavit any differently than a petition supported by no affidavit at all. *See, e.g., Reagan*, 2009 WL 763565, at *1–2.

Furthermore, analogy to similar causes of action with verification requirements supports our conclusion. For instance, even though Texas Rule of Civil Procedure 658 requires garnishment applications to be verified, the Dallas Court of Appeals held that a defective affidavit attached to a garnishment application did not deprive the trial court of jurisdiction. *Sherry Lane Nat'l Bank v. Bank of Evergreen*, 715 S.W.2d 148, 149 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). Likewise, the failure to verify a complaint brought against a private employer pursuant to the Texas Commission on Human Rights Act is not jurisdictional even though the statute requires a claimant to file a sworn complaint with the Texas Workforce Commission. *Compare Tex. Health & Human*

*Servs. Comm'n v. De La Cruz*, No. 13-17-00292-CV, 2018 WL 2371702, at \*3 (Tex. App.—Corpus Christi, May 24, 2018, pet. denied) (mem. op.), *with* TEX. LAB. CODE ANN. § 21.201(b).

For these reasons, we conclude that Rule 510.3(a)'s verification requirement is not jurisdictional and hold that failure to verify a petition pursuant to Rule 510.3(a) does not deprive a justice court — or county court in an appeal from a justice court — of subject matter jurisdiction over a forcible detainer action. We therefore overrule TCOE's first issue.

### Superior Right to Possession and Default

TCOE next contends the county court erred in awarding SA Quad possession of the premises. TCOE argues SA Quad failed to prove it had a superior right to possession or that TCOE was in default at the time of the notice to vacate. SA Quad counters, arguing this court lacks jurisdiction to review these issues.

Forcible detainer actions provide speedy, summary, and inexpensive determinations with regard to the immediate possession of real property. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936). To that end, the Texas Legislature limited appellate jurisdiction in appeals from forcible detainer eviction proceedings in section 24.007 of the Texas Property Code. *See* TEX. PROP. CODE ANN. § 24.007. Under this statute, appellate courts have no jurisdiction in forcible detainer appeals if the disputed premises were used for commercial purposes. *See id.*; *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 855 (Tex. App.—Houston [1st Dist.] 2017, pet. denied).

TCOE argues, essentially, that when SA Quad issued its notice to vacate, the premises were leased to another entity, so SA Quad did not have a superior right to possession. This argument does not remove this case from section 24.007's mandate that "[a] final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question

are being used for residential purposes only." *See* TEX. PROP. CODE § 24.007. "The prohibition against considering possession includes consideration of any finding 'essential to the issue of,' 'dependent on,' or 'primarily concerned with the issue of' possession." *Praise Deliverance Church*, 536 S.W.3d at 855 (quoting *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 431–32 (Tex. App.—Houston [1st Dist.) 2007, no pet.)). Thus, because TCOE's argument is primarily concerned with the issue of possession of this commercial premises, we lack jurisdiction to consider it. *See id*.

Alternatively, TCOE contends SA Quad failed to prove it breached the lease and therefore was in default when SA Quad issued the notice to vacate. TCOE argues: (1) the evidence shows it had remedied many of the alleged breaches before SA Quad issued the notice to vacate; (2) SA Quad waived any breach based on untimely payment of rent; and (3) neither the use of service animals nor the failure to maintain the required level of insurance constitutes a breach of the lease so as to support the notice to vacate. These allegations, however, are merely elements of possession that are unappealable pursuant to section 24.007. *Carlson's Hill Country Beverage v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 953 (Tex. App.—Austin 1997, no pet.) (holding appellate court lacked jurisdiction to review challenge to sufficiency of evidence to support breach finding based on failures to maintain insurance, timely pay rent, and cure such breaches within time mandated by lease).

To the extent TCOE challenges the validity of the notice to vacate, its argument is intertwined with its possession argument. In *Shields Ltd. Partnership v. Bradberry*, the supreme court recognized "[t]he sole focus of a forcible-detainer action is the right to immediate possession of real property." 526 S.W.3d 471, 478 (Tex. 2017). In order to establish a right of possession in a forcible detainer action, the petitioner must prove, among other things, that it provided proper

notice to the tenant to vacate the leased premises. *Id.* Thus, a notice to vacate is part of a determination of the right to possess this commercial premises, which this court lacks jurisdiction to review. *See id.*; *see also Robles v. Rivera*, No. 05-17-00733-CV, 2018 WL 3120858, at *3 (Tex. App.—Dallas June 26, 2018, pet. denied) (mem. op.); *W. Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 536 (Tex. App.—Austin 1994, no writ).

Because TCOE's complaints related to breach, default, or notice are matters essential to the issue of, dependent on, or primarily concerned with the issue of possession, we lack jurisdiction to review them. *See* TEX. PROP. CODE § 24.007; *Praise Deliverance Church*, 536 S.W.3d at 855. We therefore overrule TCOE's second issue.

## CONCLUSION

We hold: (1) the lower courts were not divested of jurisdiction based on SA Quad's failure to verify its first amended petition pursuant to Rule 510.3(a); and (2) we lack jurisdiction under section 24.007 of the Texas Property Code to consider any of the complaints raised in TCOE's second issue because they relate to the issue of possession. Accordingly, we affirm the county court's judgment in favor of SA Quad.

Beth Watkins, Justice